**Thomas Lee HALE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1966.**

Court of Appeals of Alaska.

Nov. 25, 1988.

---

Rex Lamont Butler, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

· Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Thomas Lee Hale was convicted by a jury of robbery in the first degree based on his role as an accomplice to an armed robbery by George Zito. AS 11.41.500(a)(1), AS 11.16.110. Robbery in the first degree is a class A felony. Hale received a sentence of fifteen years with five years suspended. He appeals his conviction and sentence. We affirm.

## FACTS

While Thomas Lee Hale was living with Mr. and Mrs. George Zito, Hale and Mr. Zito planned the robbery of a restaurant where Hale had previously worked. Hale bought a gun for use in the robbery and gave the gun to Zito. According to plan, Zito would commit the robbery and Hale would drive the car. On April 2, 1986, Hale and Zito twice drove in the same car

to the restaurant and spoke to one of the employees, Mr. Macalino. On the second occasion, Hale told Macalino that Zito had something to say. Zito showed Macalino the handgun and told him, "This is a hold-up." Zito took Macalino to the back of the restaurant. Hale left the building, got in the car, and drove it across the street. Minutes later, the police arrived and arrested Zito. By the time of Zito's arrest, Hale had fled. He was arrested later at Zito's apartment.

## DISCUSSION

 Hale challenges his conviction on two grounds. First, he contends that the trial court erred in failing to grant his motion for judgment of acquittal based on the theory of "renunciation." AS 11.16.-120(a)(1).[1] Construing the evidence in the light most favorable to the state, as we must in considering a motion for judgment of acquittal, we are satisfied that reasonable jurors could differ on the question of whether guilt was established beyond a reasonable doubt. *Deal v. State*, 657 P.2d 404, 405 (Alaska App.1983). The evidence establishes that Hale solicited George Zito to commit a robbery in the first degree and that Hale furnished Zito with a firearm. Hale and Zito went together to the restau-

rant, and Hale abandoned Zito and fled the scene only after the robbery had commenced. Under these circumstances, the trial court did not err in denying the motion for judgment of acquittal.

 Hale next argues that he was denied his right to due process by the trial court's failure to instruct the jury properly on the issue of "renunciation." Hale argues that he was entitled to prevail on the defense of "renunciation" if he could show that he withdrew from the criminal enterprise prior to its being commenced or before it became inevitable. He argues that the trial court improperly instructed the jury that a person defending on the ground of "renunciation" must either inform the police of the criminal enterprise in advance of its commencement or make reasonable efforts to prevent the commission of the offense. He argues that under the circumstances, his withdrawal was so close to the onset of the offense that he could not have possibly complied with these additional requirements. The trial court concluded that this was a factual problem facing Hale's defense and not a legal problem to be addressed in the jury instructions. In addition, Hale argues that the trial court improperly placed the burden of proof on him.

Hale argues that the police arrived exactly as he was leaving so that timely warning could not be given to law enforcement authorities by reasonable efforts. Thus, he concludes that his case turned on whether he "otherwise made a reasonable effort to prevent the commission of the offense." The trial court rejected Hale's request that the phrase "reasonable efforts to prevent the commission of the offense" be further defined in an instruction. The trial court concluded that what efforts were reasonable was a factual question for the jury. We find no error. The trial court has broad discretion in determining what instructions are appropriate to convey a defense to the jury. *See, e.g., Buchanan v. State*, 561 P.2d 1197, 1207 (Alaska 1977) (whether to give a particular instruction is discretionary with trial judge); *Sears v. State*, 713 P.2d 1218, 1219 (Alaska App.1986) (generally, words and phrases which have a commonplace meaning need not be defined for the jury). Accordingly, we find that a determination of what was "reasonable" under the circumstances, was properly left to the jury.

---

1. Alaska Statute 11.16.120 states, in pertinent part:
 (a) In a prosecution for an offense in which legal accountability is based on the conduct of another person,
 (1) it is an affirmative defense that the defendant, under circumstances manifesting a voluntary and complete renunciation of criminal intent,
 (A) terminated the defendant's complicity before the commission of the offense;
 (B) wholly deprived the defendant's complicity of its effectiveness in the commission of the offense; and
 (C) gave timely warning to law enforcement authorities or, if timely warning could not be given to law enforcement authorities by reasonable efforts, otherwise made a reasonable effort to prevent the commission of the offense[.]
 Since the trial court instructed on this defense, it is unnecessary for us to decide whether the facts construed most favorably to Hale required an instruction. We specifically do not decide whether, given these facts, Hale's legal accountability "is based on the conduct of another person [Zito]."

We are satisfied that the instructions given by the trial court were accurate. "Renunciation" is an affirmative defense. The burden was on Hale to prove it by a preponderance of the evidence. This burden differs from the burden appropriate to "defenses," such as self-defense, where a defendant need only raise some evidence of the defense, at which point the state has the burden of disproving the defense beyond a reasonable doubt. *Cf.* AS 11.81.-900(b)(1) (defining "affirmative defense") with AS 11.81.900(b)(15) (defining "defense"). We also hold that the court's instructions accurately conveyed the defense of "renunciation" to the jury.

■ Hale challenges his sentence on three grounds. First, Hale contends that the trial court improperly rejected Hale's three proposed mitigating factors: (1) that he played a minor role in the commission of the offense, AS 12.55.155(d)(2), (2) that his conduct constituting the offense was among the least serious conduct included in the definition of the offense, AS 12.55.-155(d)(9), and (3) that the facts surrounding commission of the present offense and any previous offenses by the defendant established that the harm caused by the defendant's conduct was consistently minor and inconsistent with the imposition of a substantial period of imprisonment, AS 12.55.-155(d)(13). Hale, in effect, reiterates his claims made in support of his defense of "renunciation," arguing that he was not present at the time the bulk of the offense occurred.

■ We are satisfied that the trial court was within its discretion in rejecting these mitigating factors. Construing the evidence in the light most favorable to the state, it appears that Hale planned the offense, procured the weapon, overcame Zito's objections, and was the driving force behind the offense. Significantly, the evidence establishes that Hale was present at the commencement of the offense. It is also significant that the robbery took place at an establishment where Hale had previously worked, which facilitated Hale's planning. These factors all militate against the finding that Hale's conduct was insignificant and that the primary participant was Zito. We are also satisfied that the facts surrounding this offense and Hale's other offenses do not indicate minor harm and do not militate against a substantial period of imprisonment. AS 12.55.155(d)(13). The trial court characterized Hale as an antisocial personality.[2] The trial court's finding of an antisocial personality has substantial support in the record. The presentence report justifies characterization of Hale as a person totally devoid of conscience, who betrays virtually any person who befriends him and who exploits any relationship he is able to establish. Despite a number of past convictions, Hale appears immune to rehabilitation. Significantly, Hale has never expressed remorse or sorrow for his criminal activity. Under these circumstances, the trial court did not err in rejecting the mitigating factors.

■ Second, Hale argues that the trial court erred in finding two aggravating factors: (1) that Hale's conduct created a risk of imminent physical injury to three or more persons other than accomplices, AS

---

**2.** We have held that, generally, a trial court should not enhance a sentence based upon a finding that the defendant " 'demonstrated an antisocial nature or dangerous propensities posing a clear risk to the public' " without the aid of a psychiatric or psychological evaluation of the defendant. *Salud v. State,* 630 P.2d 1008, 1013–14 (Alaska App.1981) (citation omitted). Here, defense counsel requested a psychiatric or psychological evaluation of Hale as an aid in sentencing. Hale met with Dr. Sperbeck, a psychologist, but absolutely refused to participate in an evaluation, stating as a reason that he was dissatisfied with the result of his trial and was angry that his "renunciation" defense had been rejected. Under these circumstances, where a defendant refuses to cooperate in a psychological evaluation and the record would otherwise support a finding of a character disorder or an antisocial personality, it is not inappropriate for the trial court to make such a finding and consider it in determining an appropriate sentence. *Pruett v. State,* 742 P.2d 257, 260 n. 3 (Alaska App.1987). We stress that such a finding must be based upon the defendant's actions and criminal record and not solely on his or her refusal to be examined by a mental health professional. *See Estelle v. Smith,* 451 U.S. 454, 468 n. 11, 101 S.Ct. 1866, 1875 n. 11, 68 L.Ed.2d 359 (1984) (defendant should not be coerced into submitting to psychiatric examination).

12.55.155(c)(6), and (2) that Hale knew that his offense involved more than one victim, AS 12.55.155(c)(9). Hale relies in part upon his "renunciation" defense and in part upon his assertion that he terminated his involvement in the offense after only one employee of Jam's was contacted. It is undisputed that Hale was aware that a number of people, including other employees in the restaurant, were present at the time the robbery began. As we have seen, the trial court could find that there was no merit in Hale's "renunciation" defense. The trial court properly found that more than one employee and customer of the restaurant were placed in danger because of the risk created by Hale's participation in the robbery. Under these circumstances, the trial court did not err in finding the aggravating factors.

■■■ Finally, Hale argues that a sentence of fifteen years with five years suspended is excessive. He contends that as a first felony offender he should have received a sentence more favorable than the ten-year presumptive term for a second felony offender. AS 12.55.125(c)(3). *See Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981). The parties agree that Hale was subject to the seven-year presumptive term reserved for those who "possess a firearm." *See* AS 12.55.-125(c)(2).[3] Hale was twenty-three years old at the time of this offense. He apparently had continuously and consistently engaged in theft-related offenses between 1983 and 1986, when the instant offense was committed. He had not, however, served any substantial term of imprisonment for these offenses. *See Skrepich v. State*, 740 P.2d 950, 955 (Alaska App.1987). Significantly, at least two of Hale's prior offenses, one in Oregon and one in Washington, resulted in felony convictions. Since the elements of the statutes involved differed in some respects from comparable statutes in Alaska at the time, Hale could not be termed a

prior felony offender for purposes of presumptive sentencing. *See, e.g.,* AS 12.55.-145(a)(2); *Walsh v. State*, 677 P.2d 912, 914–16 (Alaska App.1984). Although he was on probation for one of his prior felonies when he committed this offense, the trial court could not consider that probation as a statutory aggravating factor. *See Kuvaas v. State*, 696 P.2d 684 (Alaska App. 1985) (AS 12.55.155(c)(20) permits aggravation of a presumptive sentence where the defendant is on probation for another felony at the time of sentencing; the aggravating factor, however, does not apply to probation for an out-of-state felony which is not a prior felony for purposes of AS 12.-55.145(a)(2)).

■■■ Nevertheless, Hale's two prior felony convictions and his probationary status are important, particularly when considered with the other misdemeanor theft convictions for which Hale was treated relatively leniently. It is significant that Hale absconded before sentencing on his most recent prior felony conviction in Oregon, and that a detainer has been placed on him for that offense. Equally significant is the trial court's well-substantiated conclusion that Hale has an antisocial personality rendering him virtually indifferent to the rights of others. As discussed above, it appears that Hale has consistently been ingratiating himself with people only to steal from them. The record reflects that Hale consistently stole from his parents, his siblings and his acquaintances. It appears that when Hale and the mother of his child lived with her mother, Hale stole from them. Finally, when Hale lived with Mr. Zito, his codefendant for this offense, he apparently stole a ring from Mrs. Zito, pawned it, and used the proceeds to acquire the gun used in this robbery.

We recognize that a sentence of fifteen years with five years suspended is extremely severe for a first felony offender convicted of armed robbery, a class A felo-

---

**3.** Hale does not dispute the applicability of the seven-year presumptive term. In *Dailey v. State,* 675 P.2d 657 (Alaska App.1984), we held that this aggravating factor only applied to the person who actually possessed the firearm in connection with the robbery and not to his accomplices. In this case, Hale apparently acquired the firearm at a pawn shop and furnished it to Zito. Under these circumstances, we do not find application of the seven-year presumptive term to be plain error. Alaska R.Crim.P. 47(b).

ny. *Townsel v. State,* 763 P.2d 1353, 1355–1356 (Alaska App., 1988); *Williams v. State,* 759 P.2d 575, 577–78 (Alaska App. 1988). *See Pruett,* 742 P.2d at 265 n. 9. Nevertheless, when we take into account Hale's substantial criminal record, and his total lack of remorse, we conclude that the sentence imposed was not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The conviction and sentence are AFFIRMED.