Allen Scott HOLTZHEIMER, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–2274, A–2349.

Court of Appeals of Alaska.

Jan. 6, 1989.

———————

Ray R. Brown, Asst. Public Defender, Ketchikan, and Dana Fabe, Public Defender, Anchorage, for appellant.

Mark L. Ells, Dist. Atty., Ketchikan, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

After entering pleas of no contest, Allen Scott Holtzheimer was convicted in Sitka of one count of sexual assault in the second degree and one count of assault in the second degree. Both offenses are class B felonies. Superior Court Judge Duane K. Craske sentenced Holtzheimer to concurrent terms of six years with two years suspended for the offenses. Holtzheimer was separately convicted in Ketchikan after pleading no contest to one count of attempted sexual assault in the first degree, a class A felony. Superior Court Judge Thomas E. Schulz sentenced Holtzheimer to a term of twelve years with four years suspended and ordered the entire sentence imposed consecutively to the sentence Holtzheimer received in Sitka.

Holtzheimer appeals, contending that the Sitka court erred in failing to consolidate his sentencing hearing on the two cases. He also argues that his sentences are excessive, both individually and in their totality. We affirm the individual sentences imposed below. However, we hold that the imposition of consecutive sentences totaling more than ten years of unsuspended imprisonment was clearly mistaken.

██ At the outset of the sentencing hearing in Sitka, Holtzheimer's trial counsel moved to consolidate his Sitka and Ketchikan cases for sentencing. The superior court denied this motion, finding that it was both untimely and without merit.

Holtzheimer now argues that the court erred in its decision.

Holtzheimer's cases arose from two separate criminal episodes occurring approximately two and one-half months apart. The incidents occurred in different communities and involved different victims. They were properly charged in two separate locations. Particularly in light of the last-minute nature of Holtzheimer's motion to consolidate, we find no abuse of discretion in the Sitka court's refusal to order consolidation. The record lends no support to Holtzheimer's subsidiary claim that the failure to consolidate resulted in his being punished twice for the same crimes.

██ With regard to the Sitka sentence, Holtzheimer argues that, as a first offender, he should have received a more lenient term than the four-year presumptive term specified for a second felony offender. *See Austin v. State*, 627 P.2d 657 (Alaska App. 1981). Holtzheimer was sentenced in Sitka for two separate class B felonies. He received concurrent terms of six years with two years suspended. The unsuspended portion of the sentence thus equalled but did not exceed the presumptive term for a second felony offender. The sentencing record establishes that the Sitka offenses were exceptionally serious for class B felonies. The sentencing court expressly rejected Holtzheimer's version of the offenses and accepted the victim's explanation. According to the victim's account, Holtzheimer's sexual assault would easily have qualified as a more serious class of felony. Under the circumstances, the court did not violate the *Austin* rule. The sentence imposed below was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

██ With regard to the Ketchikan case, Holtzheimer complains that the court erred in rejecting his two proposed mitigating factors: that he manifested extreme caution or sincere concern for the safety of the victim (AS 12.55.155(d)(1)) and that he played only a minor role in the commission of the offense (AS 12.55.155(d)(2)). The sentencing court, however, rejected these proposed mitigating factors based on a fac-

tual finding that Holtzheimer had actually played as active a role in committing the offense as his codefendant did. This finding was in effect a rejection of Holtzheimer's version of the offense. The finding is supported by substantial evidence and is not clearly erroneous. *Juneby v. State,* 641 P.2d 823, 835 (Alaska App.1982), *modified in part,* 665 P.2d 30 (Alaska App. 1983).

■ Holtzheimer next claims that the court erred in rejecting his request to refer his case to the three-judge sentencing panel. The request was based on the contention that Holtzheimer's potential for rehabilitation was exceptionally good. *See Smith v. State,* 711 P.2d 561 (Alaska App. 1985). This contention was, in turn, based on a favorable psychological evaluation.

In rejecting the request for referral to the three-judge panel, however, the sentencing court, relying on the seriousness of Holtzheimer's conduct and on his history of prior misdemeanor offenses, discounted the credibility of the favorable psychological evaluation. The court found only that his potential for rehabilitation was "pretty good." This factual finding is not clearly erroneous and justifies the court's refusal to refer Holtzheimer's case to the three-judge panel.

■ Holtzheimer also contends that the Ketchikan sentence of twelve years with four years suspended is excessive. The presumptive term for Holtzheimer's offense was five years. Holtzheimer points out that the sentence actually imposed exceeds the presumptive term of eight years that would have applied had he been convicted of sexual assault in the first degree rather than of attempted sexual assault in the first degree.

Holtzheimer conceded, however, that three statutory aggravating factors applied to his case. One of those factors was that his conduct was among the most serious within the definition of the offense. AS 12.55.155(c)(10). As was the case in Sitka, the findings of the sentencing court in Ketchikan make it clear that the court rejected Holtzheimer's explanation of the offense and concluded that his conduct actually amounted to a completed act of first-degree sexual assault. This finding has ample support in the record and would, in itself, justify a sentence approximating the eight-year presumptive term for a first-degree sexual assault.

The two additional aggravating factors—particularly vulnerable victim (AS 12.55.155(c)(5)) and prior history of assaultive offenses (AS 12.55.155(c)(8))—would have existed even if Holtzheimer had been convicted of first-degree sexual assault and would have justified a sentence exceeding the eight-year presumptive term. Having independently considered the totality of the sentencing record, we conclude that a term of twelve years with four years suspended was not clearly mistaken. *McClain v. State,* 519 P.2d at 813–14.

■ The final issue raised by Holtzheimer is the excessiveness of his composite sentence. Because the Ketchikan court elected to make Holtzheimer's sentence entirely consecutive to the sentence he had previously received in Sitka, Holtzheimer's total term stands at eighteen years with six years suspended.

Holtzheimer was twenty-one years of age at the time of these offenses. He had no prior felony convictions. Although he did have convictions for several misdemeanors and had been adjudicated a delinquent, his prior criminal acts appear to have been relatively minor and were, for the most part, alcohol related. Holtzheimer had not previously spent any significant period of time in jail and had not been institutionalized as a child. The record indicates that Holtzheimer suffers from a long-standing problem with alcohol and substance abuse and that this problem contributed significantly to his current offenses.

Holtzheimer's prospects for rehabilitation appear to be relatively favorable—at least average for a first felony offender. The relatively favorable prognosis is indicated by Holtzheimer's status as a youthful first offender, by the absence of any past failures in treatment settings, and by the psychological evaluation that was prepared

for sentencing purposes. Neither of the judges who sentenced Holtzheimer found that he would not be amenable to rehabilitation. Judge Craske appeared to believe that Holtzheimer had a strong chance for successful rehabilitation. Judge Schulz found his chances to be "pretty good."

Despite Holtzheimer's status as a youthful first offender and his relatively favorable outlook for rehabilitation, we must reject Holtzheimer's contention that consecutive sentences were unwarranted in his case. Holtzheimer was convicted of serious crimes of violence committed at separate times and involving different victims. In these circumstances, the use of consecutive sentencing is certainly appropriate. *See, e.g., Goolsby v. State*, 739 P.2d 788 (Alaska App.1987). *See also Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977).

The appropriateness of consecutive sentencing, however, does not resolve the separate issue of whether the sentencing court in Ketchikan was justified in making Holtzheimer's terms entirely consecutive, resulting in a composite sentence of eighteen years with six years suspended. As we observed in *State v. Andrews*, 707 P.2d 900, 913 (Alaska App.1985) (citations omitted), *aff'd*, 723 P.2d 85 (Alaska 1986):

[A] trial judge simultaneously sentencing a defendant for multiple crimes should impose a composite sentence ... reflecting the totality of the defendant's conduct. A sentence for one count which might, viewed in isolation, appear excessive (or, by extension, too lenient) may not be clearly mistaken when viewed as a component in a composite sentence.... [A] person who is simultaneously sentenced for ten identical but separate criminal episodes should receive an incrementally greater sentence than one convicted of a single incident, but not ten times as great a sentence. In determining an appropriate incremental increase the trial court should consider the totality of the defendant's conduct in comparison with the totality of the conduct of other sentenced offenders discussed in the reported cases.

*See also McCombs v. State*, 754 P.2d 1129, 1132–34 (Alaska App.1988) (Singleton, Judge, concurring and dissenting).

Although the criminal episodes that gave rise to Holtzheimer's convictions are sufficiently separate to warrant consecutive sentences, they are not wholly unrelated, since they involve similar misconduct and reflect the same underlying problems.

In the present case, the Ketchikan court justified the need for consecutive sentencing by reliance on the goals of deterrence and community condemnation. As the supreme court has pointed out, however, these goals can ordinarily be achieved by sentences totaling ten years or less. *Pears v. State*, 698 P.2d 1198, 1204–05 (Alaska 1985). In *Pruitt v. State*, 742 P.2d 257, 264 (Alaska App.1987), this court noted that, for offenders convicted of class A felonies, sentences totaling more than ten years of unsuspended incarceration should be based on the need to isolate the offender. In cases involving class A and class B felonies, we have consistently recognized that composite terms exceeding ten years of imprisonment should be reserved for offenders who have prior felony records and who have spent substantial periods of time in prison. *Id.; Hale v. State*, 764 P.2d 313 (Alaska App., 1988); *Townsel v. State*, 763 P.2d 1353 (Alaska App., 1988); *Williams v. State*, 759 P.2d 575 (Alaska App.1988); *Skrepich v. State*, 740 P.2d 950, 955 (Alaska App.1987).

Holtzheimer received a composite sentence that included twelve years of unsuspended imprisonment. Neither of the judges who imposed Holtzheimer's sentences believed that a total term in excess of ten years was actually necessary in order to isolate Holtzheimer for the protection of the community. Holtzheimer's most serious conviction was for a class A felony. Given Holtzheimer's youth, his apparent amenability to rehabilitation, and the fact that he has never previously served any substantial period of time in prison, we believe that it was clearly mistaken to impose consecutive sentences totaling more than ten years of actual time to serve.

Accordingly, we REMAND this case with directions that an amended judgment be entered in the Ketchikan case making two years of Holtzheimer's sentence concurrent with the sentence imposed for the Sitka offenses.[1]

---

**1.** Holtzheimer has additionally challenged the portion of the Sitka court's sentencing order requiring him to apply his permanent fund dividend payments toward future restitution and future costs of rehabilitation. The order for unliquidated future expenses is problematic. In our view, where the sentencing court determines that an award of restitution for anticipated future expenses is appropriate, the court must at a minimum require that the expenses be firmly established by the evidence. *See Law-* *rence v. State,* 764 P.2d 318 (Alaska App., 1988). Here, no evidence was presented to support the award of any specific amount for future restitution or rehabilitation expenses. Under the circumstances, we conclude that the sentencing court's restitution order must be vacated. On remand, the Sitka court is directed to enter an amended judgment deleting the requirement that Holtzheimer's permanent fund dividend payments be applied to the payment of restitution and rehabilitation expenses.