James Lee **GULLARD**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 1606.

Supreme Court of Alaska.

May 19, 1972.

James K. Tallman, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., RABINOWITZ, CONNOR and BOOCHEVER, JJ.

PER CURIAM.

Appellant, James Gullard, was convicted upon his plea of nolo contendere to one count of manslaughter under AS 11.15.040. The trial court, pursuant to its authority under AS 33.15.230(a) (1), imposed a ten-year sentence with one-third to be served without possibility of parole. The trial court also ordered that Gullard's driving privileges be revoked pursuant to AS 28.-15.210.[1] Gullard has appealed to this court contending that the sentence was excessive.

The facts may be briefly stated. On the night of March 6, 1970, Gullard, who had been drinking and driving recklessly, was involved in a serious automobile accident which resulted in the deaths of four people. He was 19 years of age at the time. Gullard was indicted on four counts of manslaughter and he thereafter entered a plea of nolo contendere which resulted in a conviction on one count of manslaughter. Subsequent to the accident, but prior to the imposition of sentence, Gullard twice violated AS 28.35.030, the law prohibiting op-

---

1. The period of revocation under AS 28.15.260 is one year. However, the affected person must reapply for a license and the Department of Public Safety must evaluate the acceptability of relicensing him.

**94**

eration of a motor vehicle while intoxicated. He entered pleas of guilty to each subsequent charge prior to the imposition of the sentence in the instant case on September 24, 1971.

On appeal, Gullard argues that the ten-year sentence, with service of one-third mandatory prior to consideration being given to parole, is excessive. We find that the ten-year sentence and the revocation of Gullard's driver's license are well calculated to serve the reformative purposes of penal administration, promotion of societal norms, and deterrence,[2] and are thus within the zone of reasonableness.[3] However, we agree with Gullard that the mandatory service of one-third of his prison term prior to parole should be vacated. Because of Gullard's youth and the length of sentence imposed, we believe that his eligibility for parole can be more appropriately determined by the parole board in these circumstances.

Affirmed in part and reversed in part.

ERWIN, J., not participating.

2. State v. Chaney, 477 P.2d 441, 443 (Alaska 1970); Waters v. State, 483 P.2d 199, 202 (Alaska 1971).

3. Gilmore v. State, 479 P.2d 301, 302 (Alaska 1971).