**Kenneth WHITLOW, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1164.**

Court of Appeals of Alaska.

May 23, 1986.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Julie Werner-Simon, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Kenneth Whitlow was convicted, upon pleas of no contest, of sexual abuse of a minor in the second degree, AS 11.41.-436(a)(3)(B), and of tampering with a witness in the first degree, AS 11.56.540(a)(2). Judge Victor D. Carlson sentenced Whitlow to eight years' imprisonment on the sexual abuse conviction. He sentenced Whitlow to an additional four years on the witness tampering conviction, consecutive to the sexual abuse sentence, making Whitlow's composite sentence twelve years. Judge Carlson also ordered that Whitlow would be ineligible for parole. Whitlow appeals his sentence as excessive.

## THE OFFENDER

Whitlow, who was thirty-three years old at the time of sentencing, had no prior criminal record of any kind. He has had a relatively constant and stable work history, and there is no evidence in the record that Whitlow has a substance abuse problem. Whitlow's psychiatric report indicates that Whitlow does not suffer from mental illness or a personality disorder, and specifically mentions Whitlow's willingness to cooperate in sexual abuse counseling programs, despite his protestations of innocence.

## THE OFFENSES

K.W., Whitlow's twelve-year-old natural daughter lived with Whitlow's ex-wife outside of Alaska. K.W. came to Alaska to stay with Whitlow for one year. Whitlow stated that K.W. had previous emotional problems, including an alleged suicide attempt.

Shortly after K.W.'s arrival, Whitlow apparently took a sexual interest in her. K.W. told officers that three nights after her arrival, Whitlow entered her bed, lifted her nightgown, removed her underwear,

and "felt between her legs." [1]  K.W. also described incidents of sexual discussion based upon pornographic materials provided by Whitlow.  She also described an incident where Whitlow demanded that K.W. disrobe in front of Whitlow.  Whitlow allegedly once "pinned" K.W. on his bed; K.W. was clothed at the time.  K.W. also related an incident where Whitlow applied an ointment to K.W.'s genitals.  The ointment was apparently medicine necessary for treatment of an ovarian cyst.  Whitlow acknowledged applying the ointment, but maintained that he did so innocently.

Following a loud argument between K.W. and Whitlow, overheard by a neighbor of Whitlow, Anchorage police were summoned.  Whitlow was subsequently charged with sexual abuse of a minor in the second degree.  AS 11.41.436(a)(3)(B).  The offense charged was the incident where Whitlow enterred K.W.'s bed and felt between her legs.  K.W. was placed in a foster home, pending trial.

Several days before trial, K.W. disappeared from her foster home.  Whitlow maintained that K.W. ran away on her own accord and later contacted him expressing a desire not to testify and to recant her story.  Whitlow denied any knowledge of the disappearance to the police, when in fact he had arranged a place for K.W. to stay.  Eventually, those with whom K.W. was staying convinced Whitlow to return his daughter to the proper authorities.  Whitlow then staged a "surprise return" and called his attorney.  Whitlow was eventually indicted and pleaded no contest to tampering with a witness in the first degree, AS 11.56.540(a)(2), and to the sexual abuse charge.

## THE SENTENCE

The state concedes on appeal that Whitlow's twelve-year sentence is excessive.  We find the state's concession well-founded. [2]

Whitlow's conviction for sexual abuse of a minor is a class B felony, and his conviction for witness tampering is a class C felony.  See AS 11.41.436(b); AS 11.56.540(b).  Since these are Whitlow's first felony convictions, he was not subject to presumptive sentencing.  See AS 12.55.-125(d) and (e).  Judge Carlson imposed sentences on each of Whitlow's convictions which exceed the presumptive sentences for third felony offenders.  See AS 12.55.-125(d)(2) and (e)(2).  Whitlow's sentences are twice the presumptive sentences for second felony offenders.  See AS 12.55.-125(d)(1) and (e)(1).

We stated in Austin v. State, 627 P.2d 657 (Alaska App.1981):

> Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender.  It is clear that this rule should be violated only in an exceptional case.

Id. at 657–58.  We recognized, however, that the intent of the legislature was not to foreclose trial judges from sentencing first felony offenders in excess of the presumptive terms for second felony offenders.  Id.  Nevertheless, we hold that Judge Carlson was clearly mistaken in sentencing Whitlow to twelve years under the present facts.  See McClain v. State, 519 P.2d 811, 813–14 (Alaska 1974).  We recognized in Austin that exceptional circumstances [3]

---

1.  Whitlow's account differed markedly; he maintained K.W. asked him into her bed because she was scared.  He denied removing K.W.'s clothing, or feeling K.W. between her legs.

2.  The state recommended sentencing Whitlow to a composite term of six years during sentencing.  On appeal the state's position is that Whitlow's sentence should be reduced to a total of nine years.

3.  Exceptional circumstances under Austin include situations where a defendant is a "techni-

cal" first offender.  For instance, if the defendant has a long history of juvenile offenses which would have been felonies if committed by an adult, exceptional circumstances may be present.  In addition, where the offense charged is particularly aggravated, or where conduct approached a crime of a higher classification, exceptional circumstances may be present.  See Austin, 627 P.2d at 658.  The presence of specified or unspecified aggravating factors, that the proponent proves by clear and convincing evidence, may also support a finding of exceptional circumstances.  See Juneby v. State, 665 P.2d 30,

might justify a sentence equal to, or even in excess of, the presumptive sentence for second felony offenders. However, Whitlow's sentence is greater than the presumptive sentences, imposed consecutively, for a third felony offender convicted of both offenses.

█ We conclude that the facts of this case cannot justify a consecutive sentence in excess of four years on the sexual abuse of a minor conviction and two years on the witness tampering conviction. In reducing Whitlow's sentence, we have considered the fact that Judge Carlson found that this was an aggravated offense. We agree that the record supports the conclusion that this was an aggravated offense. On this record, Judge Carlson could properly find that Whitlow's offense was not an isolated act but was part of a pattern of abuse directed toward a minor who was in his care and custody, and who was particularly

vulnerable due to previous emotional difficulties.[4] A sentence of six years is the equivalent of the presumptive sentences, imposed consecutively, for a second felony offender convicted of the same offenses as Whitlow and thus recognizes the aggravating factors that Judge Carlson found.

█ We conclude that the sentence imposed in this case was clearly mistaken. We therefore vacate that sentence and order the trial court on remand to impose a total sentence which does not exceed six years.[5]

REVERSED and REMANDED.

32 (Alaska App.1983); *Peetook v. State,* 655 P.2d 1308, 1310 (Alaska App.1982).

**4.** *See* Alaska Statute 12.55.155(c)(5) which provides:

   (c) The following factors shall be considered by the sentencing court and may aggravate the presumptive terms set out in AS 12.55.125:

   .   .   .   .   .

   (5) the defendant knew or reasonably should have known that the victim of the

offense was particularly vulnerable or incapable of resistance due to advanced age, disability, ill health, or extreme youth or was for any other reason substantially incapable of exercising normal physical or mental powers of resistance....

**5.** We think that the findings which Judge Carlson made were sufficient to justify restricting Whitlow's parole.