**Michael L. WILLIAMS, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–2321.

Court of Appeals of Alaska.

Aug. 26, 1988.

William F. Morse, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia Ducey, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Michael L. Williams was convicted after pleading no contest to three counts of robbery in the second degree, in violation of AS 11.41.510(a)(1). Superior Court Judge S.J. Buckalew, Jr., sentenced Williams to concurrent terms of three years' imprisonment on two of the counts. On the third count, the judge imposed a consecutive five-year term, all of which was suspended. The total sentence for the second-degree robberies was thus eight years with five years suspended. Judge Buckalew further directed that Williams' total sentence for the three second-degree robberies be served consecutively with a separate sentence of ten years' imprisonment that Williams received in federal court for armed bank robbery and use of a deadly weapon during a crime of violence. Williams appeals, contending that the sentence imposed by the superior court is excessive. We reverse.

Williams' three second-degree robberies are class B felonies, punishable by maximum terms of ten years' imprisonment. AS 11.41.510(b); AS 12.55.125(d). The applicable presumptive term for a second felony offender is four years. Since Williams was a first felony offender, he was not subject to a presumptive term.

Between May 15 and June 12, 1986, Williams committed six strong arm robberies. In each case he entered a small business establishment, grabbed cash from the register after pushing or striking the clerk, and fled. The amounts stolen range from less than $100 to approximately $400. It appears that Williams committed the robberies because he was addicted to cocaine and needed money to support his drug habit. Williams was arrested soon after committing the sixth robbery. He confessed his involvement in the offenses but refused to disclose the identity of an accomplice who participated in the commission of the first robbery.

Following arraignment, Williams was released on bail. Within a month of his release, on July 10, 1986, Williams robbed a federal credit union in Anchorage. He carried a handgun in his trousers and displayed it during the commission of the offense. The FBI arrested Williams for the bank robbery less than fifteen minutes after it occurred.

At the time of these offenses, Williams was still eighteen years of age. He had an extensive history of minor property and weapons offenses as a juvenile. Apart from an adjudication for burglary that occurred when Williams was thirteen years of age and resulted in his being placed on probation, none of the juvenile offenses appear to have involved conduct that would have amounted to a felony if committed by an adult. It does not appear that Williams was ever institutionalized for any significant period of time for his juvenile offenses. By his own estimate, Williams had been using drugs, primarily cocaine, since he was sixteen or seventeen years of age.

Williams was convicted and sentenced on his federal charges before his state offenses were disposed of. The federal court sentenced him to consecutive five-year terms for armed bank robbery and use of a deadly weapon during a crime of violence. Subsequently, Williams entered no contest pleas to three of the six second-degree robbery charges pending against him in superior court. In return for his plea, the remaining three charges were dropped. Because Judge Buckalew imposed Williams' sentences for the three state charges consecutively to the federal sentences, Williams' total sentence is eighteen years with five years suspended.

■ When the sentences Williams received for his three second-degree robbery

convictions are considered in isolation from his federal sentences for robbery, they do not appear to be excessive. The total term of eight years with five years suspended includes three years of unsuspended incarceration—a period substantially less than the presumptive term for a second felony offender, and, accordingly, well within the guideline for first offense sentencing established in *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981). Given the nature of the offenses committed by Williams, his extensive juvenile record, and his commission of a bank robbery while released on bail, the sentences imposed by Judge Buckalew are not, in and of themselves, excessive.

■■■ A separate issue arises whether Williams' sentences are excessive by virtue of their being imposed consecutively to his ten-year federal sentence.[1] In *Neal v. State,* 628 P.2d 19, 21 (Alaska 1981), the Alaska Supreme Court made it clear that, when a state sentence is imposed consecutively to a federal term of imprisonment, the combined length of incarceration must be considered in determining whether the sentence imposed by the superior court is excessive. This court recently relied on *Neal* in *McCombs v. State,* 754 P.2d 1129 (Alaska App.1988).

In the present case, the sentence imposed by the superior court, when taken in conjunction with the ten-year term imposed in the federal court, results in an unsuspended term of thirteen years' imprisonment. In its totality, the sentence is exceptionally severe for a first offender.

At the time of his offenses, Williams was not yet nineteen years of age. None of the strong arm robberies that Williams committed was aggravated in any significant respect. All of Williams' offenses were committed during a relatively short span of time. Although Williams had extensive contact with the law as a juvenile, his only adjudication for conduct that would have amounted to a felony involved a property

crime that occurred when he was thirteen years of age. He was placed on probation for that offense and has never been institutionalized for any significant period of time. Williams appears to have no history of violent criminal misconduct.

In deciding to impose Williams' second-degree robbery sentences consecutively to his federal sentences, the superior court determined that Williams currently appears to pose a significant danger to the community. This finding is no doubt correct. The court did not find, however, that a total term of thirteen years of unsuspended imprisonment is actually necessary to protect the community. *See Lacquement v. State,* 644 P.2d 856 (Alaska App.1982); *cf. Jones v. State,* 744 P.2d 410 (Alaska App.1987). Nor, in our view, would such a finding be justified in the context of the present case.

The ABA Standards Governing Sentencing Alternatives and Procedures are particularly relevant in this regard. Under the standards, "[f]or most offenses, the maximum prison term authorized ought not to exceed ten years and normally should not exceed five years. Longer sentences should be reserved for particularly serious offenses committed by particularly dangerous offenders." III *Standards for Criminal Justice* § 18–2.1 (Approved Draft 1979). The determination of whether a defendant is a particularly dangerous offender is made by reference to the ABA Standard governing habitual offenders. Under that standard, a habitual offender is one who has been convicted of at least two prior felonies, committed on different occasions, within five years of the present offense and who has previously served a sentence in excess of one year. *Id.* § 18–4.4.

Williams would clearly fail to qualify as a particularly dangerous offender under the ABA Standard. Because Williams is a youthful first offender who has neither been convicted of two instances of miscon-

---

1. To the extent that the state's sentencing memorandum on appeal implies that consecutive sentences were mandatory under AS 12.55.025(e), the memorandum is mistaken. The provisions of AS 12.55.025(e) make imposition of a consec-

utive term mandatory only where a judgment of conviction was already entered before the commission of the offense for which sentence is being imposed. *Wells v. State,* 706 P.2d 711 (Alaska App.1985).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

duct amounting to felonies nor received any significant period of confinement in prison or in any other institution, there is simply no reliable basis for concluding that he is incapable of rehabilitation, and there is no sound data to support a conclusion that his isolation from society for a period in excess of ten years is actually necessary.

Except in cases of unclassified felonies, the appellate courts of Alaska have consistently followed the ABA Standards' recommended ten-year benchmark. *See McCombs*, 754 P.2d at 1132 n. 1 (Singleton, J., concurring and dissenting); *Skrepich v. State*, 740 P.2d 950, 953–54 (Alaska App. 1987). In the present case, the ABA Standards counsel that a term in excess of ten years' imprisonment cannot be justified by the need to isolate Williams.

Given the absence of any actual need to imprison Williams for more than ten years for the protection of the public, we conclude that an aggregate term of more than ten years of unsuspended incarceration was unwarranted in his case. Our conclusion finds additional support in *Pears v. State*, 698 P.2d 1198, 1204–05 (Alaska 1985). In deciding *Pears*, the Alaska Supreme Court relied in part on the principle of parsimony, which requires sentencing courts to impose the least severe sentence capable of satisfying the sentencing goals

announced in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970). As the court in *Pears* noted, only in rare cases would a sentence in excess of ten years be justified by any sentencing goal other than the need to isolate the defendant in order to protect the community.

▮▮▮▮ Here, we find that a total term of ten years' imprisonment would suffice to satisfy the goals of rehabilitation, deterrence, and community condemnation. Accordingly, we conclude that the sentencing court was clearly mistaken in imposing Williams' three-year unsuspended terms consecutively to his ten-year federal sentence.[2] *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentences imposed as to Counts I and II are VACATED, and this case is REMANDED, with directions to enter a modified judgment imposing the three-year terms for Counts I and II concurrently with each other and with Williams' federal sentences.

---

2. We find no basis for concluding that consecutive imposition of the suspended five years of imprisonment on Count III is excessive. Accordingly, that sentence may remain consecutive to the sentences on Counts I and II, as well as to the federal sentences.