John P. LAWRENCE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2271.

Court of Appeals of Alaska.

Nov. 25, 1988.

William D. Cook, Anchorage, for appellant.

Cynthia D. Ducey, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

John P. Lawrence was convicted, based upon his plea of no contest, of attempted sexual abuse of a minor in the first degree, a class A felony, AS 11.41.434(a)(1) and AS 11.31.100(a), (d)(1), and unlawful exploitation of a minor, a class B felony, AS 11.41.455(a), (b). Lawrence had originally been charged with sexual abuse of a minor in the first degree, an unclassified felony, but entered a no contest plea when that charge was reduced. Superior Court Judge Victor D. Carlson sentenced Lawrence to ten years on the attempted sexual abuse of a minor conviction. Judge Carlson provided that Lawrence would not be eligible for parole during this ten-year period. Judge Carlson sentenced Lawrence to a consecutive five-year sentence, all suspended, on the unlawful exploitation of a minor charge. Judge Carlson also ordered Lawrence to pay $38,787 in restitution. He ordered Lawrence to pay $500 per month toward this restitution while he was incarcerated and $750 per month following his release from imprisonment. Lawrence now appeals to this court.

Lawrence was fifty-nine years old at the time of these offenses. He had no prior criminal record and had an excellent work

history. On November 28, 1986, nude photographs of A.M., age three and one-half, were found in Lawrence's condominium. These photographs were sexually suggestive. These photographs formed the basis for the unlawful exploitation of a minor charge. When A.M. was interviewed by the police, she stated that Lawrence had taken her clothes off, had photographed her in the nude, and had touched her vagina with his hand and had put his finger inside her vagina. A.M. also stated that the defendant touched her buttocks and put his penis against her vagina. Medical testimony presented at the sentencing hearing established that A.M.'s hymen was abnormal and that the opening had been enlarged by a foreign object. The physician who testified at the sentencing concluded that A.M.'s hymen had been stretched by gradual and repetitive penetration. According to the physician, A.M. appeared to be free of emotional scarring from the sexual abuse. However, according to A.M.'s mother, A.M. had exhibited numerous emotional problems following the sexual assault and was undergoing counseling.

Before this incident came to light, Lawrence had been a close friend of A.M.'s parents, and A.M.'s parents had allowed A.M. to regularly visit with Lawrence. Lawrence admitted that he took sexually explicit photographs of A.M., but denied any sexual contact.

 Attempted sexual abuse of a minor in the first degree is a class A felony. The maximum sentence for a class A felony is twenty years. AS 12.55.125(c). There is a presumptive sentence of five years for a first felony offender, ten years for a second felony offender, and fifteen years for a third felony offender. Therefore, as a first felony offender, Lawrence faced a presumptive sentence of five years.[1] Judge Carlson found that two aggravating factors applied to this offense: that the defendant knew that the victim of

the offense was particularly vulnerable due to extreme youth, and that the conduct constituting the offense was among the most serious conduct included in the definition of the offense. AS 12.55.155(c)(5); AS 12.55.155(c)(10). Both of these aggravating factors are supported by the record. A.M. was clearly vulnerable because of her age; she was only three and one-half years old at the time of these offenses. This was also clearly a particularly serious offense. Although Lawrence pled no contest to a charge of attempted sexual abuse of a minor in the first degree, the record supports Judge Carlson's finding that Lawrence's conduct was among the most serious within the definition of the offense because Lawrence had digitally penetrated A.M. on numerous occasions, conduct which would have constituted the greater offense of sexual abuse of a minor in the first degree. Sexual abuse of a minor in the first degree is an unclassified felony with a maximum sentence of thirty years. The presumptive sentence for a first felony offender is eight years. The presumptive sentence is fifteen years for a second felony offender. AS 12.55.125. In considering this to be a particularly serious offense, Judge Carlson also emphasized the close relationship that Lawrence had formed with A.M. and her family. He considered Lawrence's actions to be an abuse of this trust. Judge Carlson noted that Lawrence had not admitted that he had sexual contact with A.M., and found that Lawrence was likely to be a repeat offender and had dim prospects for rehabilitation.

 Although Judge Carlson could properly consider this offense to be aggravated because of his finding that Lawrence had actually committed a more serious offense than the offense to which he entered his plea, Lawrence was entitled to be sentenced based upon the charge to which he pled: attempted sexual abuse of a minor. *See Benboe v. State*, 698 P.2d 1230 (Alaska

---

1. Unlawful exploitation of a minor is a class B felony. The maximum sentence is ten years. AS 12.55.125(d). There is no presumptive sentence for a first felony offender. The presumptive sentence for a second felony offender is four years; for a third felony offender it is six years. In determining the appropriate sentence for Lawrence, we consider the major offense to be the attempted sexual abuse of a minor charge. We see the unlawful exploitation charge as a matter which aggravates the attempted sexual abuse of a minor charge.

App.1985). In *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981), we stated, "Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." Thus, as a first felony offender, Lawrence's sentence should have been more favorable than the ten-year presumptive sentence for a second felony offender, unless his case was exceptional.

In *Langton v. State*, 662 P.2d 954 (Alaska App.1983), we consolidated for discussion three cases where defendants had been convicted of sexual assault in the first degree for completed sexual assaults on minor children. At the time of these defendants' offenses, sexual assault in the first degree was a class A felony. At the time of the *Langton* opinion, the legislature had made sexual assault in the first degree an unclassified felony, but the greater penalties had not yet become effective. *Id.* at 956 n. 3. In the trial court, Richard Langton received a sentence of ten years with four suspended; John Doe received a sentence of five years, all suspended; and Melvin Joe received a sentence of twenty years. *Id.* at 955. On appeal, we affirmed Langton's sentence, found that Doe's sentence was too lenient, and ordered Joe's sentence reduced to ten years. *Id.* at 956, 960, 962. In ordering Joe's sentence reduced to ten years, we pointed out that ten years was the presumptive sentence for a second felony offender convicted of a class A felony. Although Langton's, Doe's, and Joe's crimes would now be punishable as unclassified felonies, these offenses were class A felonies at the time the defendants were sentenced. These cases provide a useful benchmark for evaluating the proper sentence for Lawrence.

■ In justifying the sentence in this case, Judge Carlson placed considerable weight on his conclusion that Lawrence was a dangerous offender with poor prospects for rehabilitation. However, Lawrence is a first offender with an otherwise excellent record. There is nothing in the psychological reports which would indicate that Lawrence's prospects for rehabilitation are less favorable than other offenders in his class. In *Maal v. State*, 670 P.2d 708, 711 (Alaska App.1983) and *Skrepich v. State*, 740 P.2d 950, 954 (Alaska App.1987), we indicated that a sentencing court should not place "inordinate emphasis ... on predictions of possible future misconduct." The primary emphasis in the revised criminal code is to punish the offender based upon his record of prior convictions and the actual crime for which he was convicted. We see no reason to classify Lawrence's case as an exceptional case warranting a sentence in excess of the ten-year presumptive sentence for a second felony offender.

We conclude that the total sentence of fifteen years with five years suspended was clearly mistaken. We remand to the trial court with directions to impose a total sentence, including any suspended time, of not more than ten years. We believe that this sentence will adequately address Judge Carlson's finding that this was a particularly aggravated class A felony. Yet the sentence also recognizes that Lawrence was convicted of a class A felony, not an unclassified felony, and is a first felony offender with an otherwise good record.

Lawrence next contends that Judge Carlson erred in restricting his parole eligibility. In *Spencer v. State*, 642 P.2d 1371, 1377 (Alaska App.1982) (footnote omitted), we stated:

> Where an extended parole eligibility term is imposed, the court must specifically address the issue and set out with particularity its reasons for concluding that the parole eligibility term prescribed by statute would be insufficient to protect the public and insure the defendant's reformation.

■ Where a defendant has a lengthy criminal history and has demonstrated that he will not benefit from parole or probation supervision, the court may well have a reasonable basis to conclude that it should restrict future parole eligibility. However, Lawrence is a first offender. He will undergo sexual offender treatment while he is incarcerated. There is little objective basis to conclude that he will fail to be rehabilitated. Parole authorities should be

better situated to judge Lawrence's prospects for parole because they will have the opportunity to evaluate Lawrence at a future time, after he has had an opportunity to respond to the effects of rehabilitation programs. Although parole is never guaranteed, there is nothing in this record to justify denying parole authorities the option of releasing Lawrence on parole if they are satisfied that he can be permitted in the community without endangering others. We conclude that Judge Carlson was clearly mistaken in restricting Lawrence's parole eligibility.

Lawrence next argues that Judge Carlson erred in making the restitution award in his case. Judge Carlson ordered Lawrence to pay a total of $38,787 in restitution to A.M. and her family. This amount was to cover counseling expenses for A.M. and her family and attorney's fees which A.M. paid to consult a civil attorney in connection with the case. In setting restitution, Judge Carlson relied on the state's representation that the state believed that Lawrence was eligible for a federal pension. Judge Carlson ordered Lawrence to pay $500 per month while he was in custody and $750 per month following his release from incarceration.

Alaska Statute 12.55.045(a) provides in pertinent part:

> In determining the amount and method of payment of restitution, the court shall take into account the financial resources of the defendant and the nature of the burden its payment will impose.

This statute has been strictly construed to require the trial courts to make thorough inquiries into the defendant's ability to pay restitution. *Karr v. State*, 686 P.2d 1192, 1196–97 (Alaska 1984). The state's speculation as to the existence of Lawrence's federal pension is not sufficient to comply with the requirements of AS 12.55.045(a). On appeal, Lawrence agrees that he must pay all of A.M.'s counseling expenses. However, he indicates that Judge Carlson erred in requiring him to pay for counseling for the entire family. At the restitution hearing, A.M.'s mother presented testimony concerning past expenses which the

family had incurred because of the events and estimated future expenses for counseling. These expenses were projected as much as five years into the future.

We are concerned about an award of restitution based upon an estimate of expenses which are projected to occur in the future. Neither party to this appeal has directly addressed the problem of awarding restitution for unliquidated damages which arose from the offense. However, where the court determines that an award of restitution should be made for anticipated future expenses, we believe that the court must at least require that these expenses be firmly established. The information which the court had and the findings which the court made in this case appear to us to be insufficient to support the award of these future expenses. We accordingly remand to the trial court on this issue.

The sentence is VACATED and the case REMANDED for resentencing consistent with this opinion.