William A. **WEITZ**, a/k/a William A. Thompson, Appellant,

v.

**STATE of Alaska, Appellee.**

No. A–2005.

Court of Appeals of Alaska.

July 20, 1990.

---

Leslie A. Hiebert, Asst. Public Advocate and Brant McGee, Public Advocate, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

■ On July 23, 1986, the grand jury returned a six-count indictment against William A. Weitz. The counts were one count of robbery in the first degree, a class A felony, in violation of AS 11.41.500(a)(1); murder in the first degree, an unclassified felony, in violation of AS 11.41.100(a)(1)(A); assault in the third degree, a class C felony, in violation of AS 11.41.220(a)(1); misconduct involving weapons in the first degree, a class C felony, in violation of AS 11.61.200(a)(1); and two counts of attempted murder in the first degree, a class A felony, in violation of AS 11.41.100(a)(1) and former AS 11.31.100(d)(1). A jury convicted Weitz on all counts. Superior Court Judge S.J. Buckalew, Jr., imposed maximum consecutive sentences totaling 169 years. Weitz appeals his conviction and his sentence.[1] We affirm.

---

1. The state argues that a perceived practice by this court of routinely staying appeals until post-conviction claims of ineffective assistance of counsel are investigated and presented to the trial court is harmful to the state and individual criminal defendants. Defendants are harmed, the state contends, because their appeals are delayed and, historically, criminal defendants are much more likely to prevail on their merit appeals than on a claim of ineffective assistance of counsel. If a defendant wins a new trial, prior ineffective assistance of counsel claims would be moot. The state also suffers because postponing appeals also postpones any retrial ordered by this court, thereby increasing the problems of keeping physical evidence and witnesses available. On occasion, representatives of the public defender and the public advocate have voiced similar concerns.

We have held that ineffective assistance of counsel claims cannot be heard on appeal in the absence of an adequate record. *Barry v. State*, 675 P.2d 1292, 1295 (Alaska App.1984). We have never held that defense counsel must pursue post-conviction relief for ineffective assist-

Weitz robbed a convenience store at approximately 2:30 a.m. on July 17, 1986. Shortly thereafter, Weitz and a passenger were riding in a green Toyota wagon. Anchorage Police Officer Cindy Mittasch stopped the vehicle because the brake lights were inoperative. Weitz exited his vehicle, drew his gun, and fired at Officer Mittasch. Weitz then commandeered the patrol vehicle and drove it from the scene, abandoning it shortly thereafter. Other officers responded to Mittasch's request for help and pursued Weitz. Weitz fired at Officer Richard Giles, shot and killed Officer Harry Hansen at near point-blank range, and pointed his gun at Officer Keith Cordell. Weitz was shot by Officer Cordell, handcuffed, and transported to the hospital.

Weitz argues that the trial court erred in permitting evidence of prior bad acts to be introduced before the jury. He relies on Alaska Rules of Evidence 403 and 404(b). The evidence consisted of the testimony of four witnesses who were friends of Weitz about conversations they had with him prior to the shooting, and the testimony of a police officer about an outstanding warrant for Weitz's arrest. Lonie Nelson testified that Weitz told him that Weitz had been in jail, that he did not want to go back, and in addition, on one occasion Weitz said, "If he ever went back, it would be in a pine box and he would be taking some of the motherfuckers with him."

Vicky Maison testified that Weitz told her that on an earlier occasion, he had stolen a motorcycle, and was stopped by a police officer, that the officer attempted to handcuff him, and that Weitz had broken away and escaped. She also testified that Weitz had altered his appearance and changed his name. She was asked:

Q. After that conversation, what affect did that have on you?

A. It upset me really bad because there was just something in the way he said what he said that I felt sooner or later somebody was going to get hurt.

Donna Russell testified that on the night preceding the homicide, Weitz told her about stealing the motorcycle and that he had been in prison before. Weitz told Russell that he would never go back to prison, that they would have to kill him first.

Anchorage Police Officer Robert Dinwiddie testified without objection that an arrest warrant had been issued for Weitz on June 30, 1986. In addition, he testified that a search warrant was issued for an apartment where Weitz was to be located. At the time of the search, no one was home and a copy of the warrant was left.

Finally, Steve McDougald testified that he was a passenger in the Toyota with Weitz at the time Weitz was stopped by Officer Mittasch. McDougald stated:

[Weitz] started turning corners and then he started pulling over and he said something about the tail-lights must be out and then he said something about that he had just hit a Qwik Stop—robbed a Qwik Stop and that he's not going back to jail, that he's going to waste the cop.

■ The trial court's admission of evidence under Alaska Evidence Rules 403 and 404(b) will be reversed by this court only for an abuse of discretion. *Vessell v. State,* 624 P.2d 275, 278 (Alaska 1981). The supreme court has approved the admission of evidence of other crimes, wrongs, or acts, where it has been offered to prove motive or intent. *Adkinson v. State,* 611 P.2d 528, 531 & n. 6 (Alaska 1980), *cert.*

ance of counsel prior to completing an appeal which addresses other issues. Nothing prevents a defendant from completing an appeal on other issues and only if dissatisfied with the decision on appeal, bringing an application for post-conviction relief. We assume that competent defense counsel will exercise professional judgment in determining which avenue is most likely to benefit his or her client in a specific case and proceed accordingly. Even if defense counsel does wish to delay the appeal, such decision

is not binding on the state. If motions to stay appellate briefing are routinely granted, it is because they are routinely unopposed. In summary, professional judgment by both the state and the defense should govern each party's position regarding the order in which merit appeals and applications for post-conviction relief are pursued. If there is a disagreement, the court will resolve it on a case-by-case basis taking into account the respective interests of the parties.

*denied,* 449 U.S. 876, 101 S.Ct. 219, 66 L.Ed.2d 97 (1980).

■■■ The testimony of Maison, Russell, and McDougald related to conversations they had with Weitz the night of the shooting. Nelson's testimony related to events that occurred during the previous five months. Under the circumstances, it appears that all of this evidence was relevant and highly probative to show Weitz's motive and intent when he shot at the officers and that the trial court could find that the probative value of the evidence outweighed any prejudice. Intent was the only issue litigated at trial. In fact, Weitz actively disputed his intent to kill or injure the officers at whom he shot. We are satisfied that the trial court did not abuse its discretion in admitting this evidence. *See Cole v. State,* 754 P.2d 752, 756 (Alaska App. 1988).[2] We are equally satisfied that the testimony of Officer Dinwiddie concerning the outstanding warrant, and the testimony of Russell and Maison regarding the motorcycle incident and Weitz's efforts to escape capture at the time of that incident, was relevant to his motive for shooting at the officers. The trial court was also acting within its discretion in finding that the probative value of this evidence outweighed any prejudice from portraying Weitz as a bad person. In our view, all of the evidence of Weitz's prior misconduct pales in comparison with the undisputed evidence of his actions on July 17, 1986.

■■■ Weitz was charged with misconduct involving weapons in the first degree for possessing a concealable firearm after having been convicted of a felony. Before trial, Weitz offered to stipulate that he had a prior felony conviction in order to keep that information from the jury. Weitz argued that testimony about his prior felony record would inappropriately help the state prove its case on the other charges. The state argued that four witnesses would be testifying about Weitz's prior felony conviction in connection with recounting Weitz's statements about prison and Weitz's willingness to kill rather than go back to prison. In the state's view, there was no need to withhold information of the prior felony conviction from the jury. The trial court apparently accepted this argument and declined to keep Weitz's prior felony convictions from the jury.

Weitz argues that the trial court erred. He relies on *Elerson v. State,* 732 P.2d 192, 195–96 (Alaska App.1987), where we indicated that under similar circumstances, counts involving misconduct involving weapons and other offenses should be severed for separate trial. Weitz did not ask the trial court for a severance. We are of the view that this case presents a close question whether the trial court abused its discretion when it failed to withhold from the jury evidence of Weitz's prior convictions in light of his proffered stipulation. *See* A.R.E. 403 (requiring a trial judge to balance the probative value of relevant evidence against its potential for prejudice in determining admissibility). While the state's witnesses presented substantial evidence that Weitz had previously been in jail and did not want to go back, their testimony did not disclose that he had previously been convicted of a felony. The probative value of evidence of a prior felony conviction was arguably weak. It was arguably unnecessary to disclose Weitz's prior felony conviction to the jury which was potentially prejudicial in light of his proffered stipulation and disclosure. *See Morgan v. State,* 661 P.2d 1102, 1104 n. 4 (Alaska App.1983) (defendant had option to stipulate to prior conviction in order to avoid prejudice at trial of an offense for which prior conviction is an element). *But see United States v. Williams,* 612 F.2d 735, 739–40 (3d Cir.1979), *cert. denied,* 445 U.S. 934, 100 S.Ct. 1328, 63 L.Ed.2d 770 (1980) (court may not compel government to accept stipulation in lieu of evidence on an element of an offense).

It is not necessary for us to decide this issue in this case, given the strength of the

---

**2.** Weitz argues that the trial court never exercised discretion. *See Cano v. Anchorage,* 627 P.2d 660, 663–64 (Alaska App.1981). We are satisfied from our review of the record that Judge Buckalew understood that the admission of evidence involved trial court discretion and that he exercised his discretion in admitting the evidence.

state's case against Weitz. We are satisfied that any error was harmless. *See Poulin v. Zartman,* 542 P.2d 251, 261 (Alaska 1975), *on reh'g,* 548 P.2d 1299 (Alaska 1976). Weitz conceded that he was guilty of the robbery, was in possession of a handgun, and had previously been convicted of a felony. Weitz was arrested at the scene. His identity was not in doubt. The only question at issue was his intent in shooting at the police officers. Given the overwhelming evidence of intent, evidence of the prior felony conviction was not overly prejudicial. Alaska R.Crim. P. 47(a).

Judge Buckalew sentenced Weitz to the following maximum terms: robbery in the first degree of the Qwik Stop—twenty years presumptive; attempted murder of Officer Mittash—twenty years presumptive; murder in the first degree of Officer Hansen—ninety-nine years presumptive; attempted murder in the first degree of Officer Giles—twenty years presumptive; assault in the third degree of Officer Cordell—five years presumptive; and misconduct involving weapons in the first degree—five years presumptive. All sentences were consecutive, resulting in a total composite sentence of 169 years. In addition, Judge Buckalew ordered that Weitz would never be eligible for parole.

█ Weitz initially argues that the trial court made insufficient findings to enable him to brief, and this court to review, the excessiveness issue. *See DeGross v. State,* 768 P.2d 134, 138–41 (Alaska App.1989); *Houston v. State* 648 P.2d 1024, 1030 (Alaska App.1982) (Bryner, C.J., dissenting). We disagree. The trial court found that Weitz's conduct constituting all of the offenses except the robbery of the Qwik Stop were among the most serious within their class, AS 12.55.155(c)(10); that Weitz's conduct in committing all of the offenses except the Qwik Stop robbery were against law enforcement officers, AS 12.55.155(c)(13); that Weitz had three or more prior felony convictions, AS 12.55.-155(c)(15); and that Weitz's prior history

included adjudication as a delinquent for conduct that would have been a felony if he had been an adult, AS 12.55.155(c)(19). Weitz did not dispute these aggravating factors at sentencing and does not contest them on appeal.

At sentencing, the state asked that maximum consecutive sentences be imposed. The state argued that the court needed to make findings that Weitz would continue to be a threat in order to make the sentences consecutive. In addition, the state pointed out that all of the *Chaney* criteria must be considered but that the court should focus on isolation. *See State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970) (a trial court in imposing sentence should consider rehabilitation, isolation of the defendant to prevent further criminal activity, deterrence of the defendant and others, and reaffirmation of community norms). The court stated: "I think the evidence is overwhelming on the aggravators." Judge Buckalew asked Weitz's attorney if he had any argument to make on the aggravators. Counsel declined to speak. Judge Buckalew said, "I simply find that the state has met [its] burden of proof on the aggravators."

█ Judge Buckalew then gave Weitz an opportunity for allocution which was waived. Weitz presented no arguments and Judge Buckalew proceeded to sentencing. Weitz was sentenced to the maximum on all counts. Judge Buckalew remarked that rehabilitation was not a factor and that the only real factor was the protection of the public. On passing sentence, Judge Buckalew stated that all sentences were presumptive.[3] He also stated that Weitz should never be eligible for parole. *See* AS 12.55.115 (fixing eligibility for parole at sentencing); AS 33.16.100(c).

█ In *Neal v. State,* 628 P.2d 19, 21–22 (Alaska 1981), the supreme court upheld an implicit finding of dangerousness and the imposition of consecutive sentences even though formal findings were not made justifying consecutive sentences. The court held that reversal was not re-

---

**3.** A murder sentence is not presumptive. AS 12.55.125(a). In light of the sentence imposed and the limitation on eligibility for parole, we conclude that this mischaracterization was harmless.

quired because the record contained sufficient evidence that Neal would continue to be a risk to public safety. The supreme court also inferred a finding that Neal was a worst offender based on the record. *Id.* In this case, Weitz was a twenty-eight-year-old man with a lengthy criminal record that began when he was an adolescent. He had four previous felony-property offenses and a history of drug and alcohol abuse. He has made minimal efforts to address these problems despite spending a substantial period of time in prison or under probationary supervision.[4]

Weitz received a very severe sentence. Nevertheless, we believe the record clearly supports the trial court's implied finding that Weitz was a worst offender. A worst offender finding may be based on a defendant's background, the crime for which the defendant was convicted, or both. *Hintz v. State,* 627 P.2d 207, 210 (Alaska 1981). The circumstances surrounding Weitz's present offenses plainly justified a worst offender finding. The trial court could infer, based on Weitz's statements to his friends, that Weitz foresaw a gun battle in which police officers would be killed or injured. His offense would seem to be premeditated murder. He engaged in a gun battle with several police officers and killed one of the officers. When we add to that the fact that Weitz has four times been convicted of felony offenses and has served substantial prior time in prison and on parole, we are satisfied that Weitz is a clearly dangerous offender. *See Pruett v. State,* 742 P.2d 257, 264 & n. 8 (Alaska App.1987).

 In *Collins v. State,* 778 P.2d 1171, 1175–76 (Alaska App.1989), we upheld a composite sentence of 403 years in prison for four counts of first-degree murder where the court did not specifically make a finding that Collins was a worst offender. We also upheld a composite sentence of 634 years for six counts of first-degree murder and two counts of attempted murder in *Hastings v. State,* 736 P.2d 1157 (Alaska App.1987). While Weitz has not committed multiple murders like Collins and Hastings, in this case that was merely fortuitous, and after reviewing the record the trial court could find little potential for rehabilitation. *See Nukapigak v. State,* 663 P.2d 943 (Alaska 1983) (approving consecutive sentences exceeding ninety-nine years of total imprisonment for violent crimes). Having independently reviewed the totality of the sentencing record, we do not find that the sentence of 169 years without possibility of parole was clearly mistaken. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974). Further we are satisfied that the trial court in this case did make the necessary findings to warrant a sentence of life imprisonment without possibility of parole. *See Newell v. State,* 771 P.2d 873, 876–77 (Alaska App.1989).

The judgment and sentence of the superior court are AFFIRMED.

---

4. "Where a defendant has a lengthy criminal history and has demonstrated that he will not benefit from parole or probation supervision," a trial judge may reasonably conclude that parole eligibility should be restricted. *Lawrence v. State,* 764 P.2d 318, 321 (Alaska App.1988). In our view, Weitz's criminal record and the facts surrounding the offenses Weitz committed on July 17, 1986, permitted Judge Buckalew, in the exercise of his discretion, to restrict parole.