**William Thomas JACKSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3462.**

Supreme Court of Alaska.

Sept. 19, 1980.

---

Harold M. Brown, Ziegler, Cloudy, Smith, King & Brown, Ketchikan, for appellant.

Geoffrey G. Currall, Dist. Atty., Ketchikan, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER,* BURKE and MATTHEWS, JJ.

## OPINION

MATTHEWS, Justice.

William Thomas Jackson was convicted on a plea of *nolo contendere* of the crimes of manslaughter and burglary in a dwelling in violation of former AS 11.15.040 and AS 11.20.080, respectively. He then appealed from certain rulings of the superior court pertaining to the merits of his conviction, and brought a sentence appeal as well. We issued an opinion in which we granted him the option to change his plea of *nolo contendere* to a plea of not guilty and reserved ruling on his sentence appeal. *Quick v. State*, 599 P.2d 712 (Alaska 1979). Jackson has decided not to change his plea. Before us now is his sentence appeal.

Jackson was first sentenced to incarceration for a period of fifteen years on the charge of manslaughter and five years on the charge of burglary in a dwelling, the sentences to run concurrently. Subsequently, the superior court amended the sentence to ten years for the charge of manslaughter and five years on the charge of burglary, concurrently. Jackson contends that his sentence, as amended, is excessive.

Although Jackson had no prior felony convictions nor any recent misdemeanor convictions, we cannot conclude that the court was clearly mistaken [1] in imposing the sentence that it did in view of the seriousness of his crime and its brutal nature. However, Jackson argues that his sentence was excessive in part because the trial judge improperly considered parole eligibility as a factor likely to reduce the jail time Jackson would actually serve.[2]

We do not suggest that parole considerations are irrelevant in fashioning a sentence. However, the assumption that an

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. *See, e. g., State v. Chaney*, 477 P.2d 441 (Alaska 1970).

2. In imposing Jackson's original fifteen year sentence, the court voiced its expectation that Jackson, given credit for good time served, might be eligible for and released on parole after only two years in jail. "I am also compelled to say that two years additional to what you have already served is a small enough penalty to pay for what happened." The court reduced the sentence to ten years but continued to emphasize parole considerations. ". . . I don't expect him to serve half of the sentence . . . I suspect he's going to be . . . released on parole sometime during the first half of the sentence and that's what I base my decision on."

offender will be paroled on a particular date is, at best, speculative. If a sentence were adjusted to reflect such an assumption, but the offender not released as "scheduled," the full service of a clearly excessive sentence might result.[3]

We believe the correct approach is for the sentencing judge to impose an appropriate term of incarceration, considering the *Chaney* criteria,[4] on the assumption that the entire term may be served.[5] The court may then, in its discretion,[6] designate a parole eligibility period greater than the statutory minimum, and should articulate on the record its reasons for doing so.

Since we cannot determine whether the same sentence would have been imposed under this approach, we remand for resentencing.

REMANDED for resentencing in accordance with this opinion.

---

3. *See, e. g., Huff v. State*, 568 P.2d 1014, 1018 (Alaska 1977).

4. *State v. Chaney*, 477 P.2d 441 (Alaska 1970).

5. That is the approach taken by this court when reviewing sentences. *Huff v. State*, 568 P.2d 1014, 1019 (Alaska 1977); *Bordewick v. State*, 569 P.2d 184, 185 n. 1 (Alaska 1977).

6. *See* AS 33.15.230(a).