STATE of Alaska, Appellant,

v.

Bruce NELLES, Appellee.

No. A–995.

Court of Appeals of Alaska.

Feb. 7, 1986.

Jeffery O'Bryant, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellant.

Raymond Funk, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

The state appeals from a district court dismissal of a misdemeanor assault charge against Bruce Nelles. Judge H.E. Crutchfield dismissed the charge pursuant to the misdemeanor civil compromise statute. We affirm.

BACKGROUND

While intoxicated, Nelles struck his girlfriend, Mary M. Henry, on the mouth with his fist. Henry's injury required four

---

stitches. She filed a citizen arrest form seeking Nelles' arrest.

At a bail hearing before Judge Crutchfield, Nelles' attorney moved for dismissal. He submitted a statement titled "Compromise of Criminal Action," which was signed by Henry and stated:

> Comes now the injured party in the above-entitled action, Mary Henry, and hereby acknowledges that he/she has received satisfaction for the injury to his/her person and further states that he/she does not wish to proceed with this action, since he/she has received satisfaction for injury to his/her person from the Defendant, Bruce Nelles.

The state opposed Nelles' motion for dismissal. The court allowed Nelles' counsel to examine Henry under oath. Henry testified that she and Nelles intended to marry, that he had never assaulted her on any other occasion during their one year together, that none of her clothes had been torn, that she had not incurred any medical expenses, that she was unemployed at the time of the assault, had lost no wages, and that she did not want any civil compensation from Nelles.

Judge Crutchfield further questioned Henry:

> *Court:* (to witness) I don't know whether Mr. Wildridge, in taking this written statement from you, explained the provisions of Title 12.45.120–130, which I'm obviously looking at. And, I think the basis for this is to not prosecute some cases but by the same time the legislature recognizes that the court system and the police, and the prosecutor should not be some type of a buffer zone and have their time taken up with boy-girl relations, okay?
>
> *Henry:* I understand.
>
> *Court:* And, there's some provisions for costs and I've never been clear about who the costs should be assessed against, whether it's the defendant or the witness who brings the charges, and, then—you are aware, of course, that there's a possibility that if I grant it, that I may, based upon the court's time and everybody's time, I may have to assess some costs—before it would be dismissed? Did you understand that?
>
> *Henry:* (inaudible)
>
> *Court:* Okay.
>
> .    .    .    .    .
>
> *Court:* You're not frightened of Mr. Nelles I take it then, you, he didn't try to talk you into doing this or threatening you in any way?
>
> *Henry:* No.

Judge Crutchfield initially denied Nelles' motion to dismiss. After Nelles moved for reconsideration, however, Judge Crutchfield ordered the case dismissed "pursuant to the civil compromise provisions" and "upon payment of $100 costs." The state has appealed the order of dismissal.

## DISCUSSION

"In theory there should be no compromises of criminal cases." Miller, *The Compromise of Criminal Cases*, 1 So.Cal.L. Rev. 1 (1927). And in practice, "the civil and criminal law operate independently of one another so that resolution of a victim's civil rights and remedies has no effect upon criminal prosecution." *People v. Moulton*, 131 Cal.App.3d Supp. 10, 182 Cal.Rptr. 761, 766 (1982). "An exception to this principle exists, however, where a statute specifically authorizes a compromise of the criminal, as well as the civil, liability arising out of certain conduct." Annot., 42 A.L.R.3d 315, 318, § 2[a]. Many states, including Alaska, have adopted such statutes, allowing judicially-sanctioned compromises and dismissals of criminal charges.[1]

It appears that Alaska's civil compromise statutes derived from the same source as

1. AS 12.45.120–.140; Ariz.Rev.Stat.Ann. § 13–3981 (1978); Cal.Penal Code § 1377–79 (West 1982); Idaho Code Ann. § 19–3401–3403 (1979); Mass.Gen.Laws Ann. ch. 276, § 55 (West 1972); Nev.Rev.Stat. § 178.564–568 (1983); Okla.Stat. Ann. tit. 22, § 1291–94 (West 1958); Or.Rev.Stat. § 135.703–709 (1983); Pa.Stat.Ann. tit. 19, 26 (Purdon 1964); Utah Code Ann. §§ 77–50–1 to –3 (1978).

most other similar statutes, a 1813 New York statute that read:

> That in all cases where a person shall, on the complaint of another, be bound by recognisance to appear, or shall, for want of surety, be committed, or shall be indicted for an assault and battery, or other misdemeanor, to the injury and damage of the party complaining, and not charged to have been done riotously or with intent to commit a felony, or not being an infamous crime, and for which there shall also be a remedy by civil action, if the party complaining shall appear before the magistrate who may have taken the recognisance, or made the commitment, or before the court in which the indictment shall be, and acknowledge to have received satisfaction for such injury and damage, it shall be lawful for the magistrate in his discretion to discharge the recognisance, &c. or for the court also in their discretion, to order a *nolle prosequi* to be entered on the indictment.[2]

1 N.Y.R.L. § 19 (1813), *quoted in People v. Moulton*, 131 Cal.App.3d Supp. 10, 182 Cal. Rptr. 761, 765 (1982). The purpose of the statute was to encourage the amicable resolution of disputes that were primarily private in nature:

> The policy underlying compromise statutes was explained by the New York Commissioners on Practice and Pleading in 1849 as follows:
>
> There are many cases, which are technically public offenses, but which are in reality rather of a private than a public nature, and where the public interests are better promoted by checking than by encouraging criminal prosecutions. Of this class are libels, and simple assaults and batteries; or those which according to [the civil compromise statute], are not committed by or upon an officer of justice, while in the execution of the duties of his office, or riotously, or with an intent to commit a felony. With these exceptions, cases of this nature have by the policy of our statutes, always been considered fit subjects of compromise ...; a policy which has been carried by the courts, still further than the terms of the statute.

*People v. Moulton*, 182 Cal.Rptr. at 766 (citations omitted).

Alaska's civil compromise statutes are contained in AS 12.45.120–12.45.140, which state:

> Sec. 12.45.120. Authority to compromise misdemeanors for which victim has civil action. When a defendant is held to answer on a charge of misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised except when it was committed
>
> (1) by or upon a peace officer, judge or magistrate while in the execution of the duties of that office;
>
> (2) riotously;
>
> (3) with an intent to commit a felony;
>
> (4) larcenously.

---

2. In large part, the laws of Alaska are derived from those of Oregon. F. Brown, *The Sources of the Alaska and Oregon Codes*, Part I, 2 U.C.L.A.-Alaska L.Rev. 15, 16 (1972). The Alaska civil compromise statutes appear to first have been adopted in 1900 and to have been derived from the Oregon Civil Compromise Statutes. *See* Ann.Alaska Codes, Pt. II, ch. 28, §§ 253–256 (Carter 1900) (the Alaska statute refers to the Oregon law, presumably as its source). *See infra.* n.3. The Alaska statutes also had virtually identical wording to the Oregon statutes. *Compare* Ann.Alaska Codes, Pt. II, ch. 28, §§ 253–256 (Carter 1900) *with* Gen.Laws of Or., Code of Crim.Proc., ch. XXX, §§ 315–318 (Deady 1845–1864); renumbered, Ann.Laws of Or., Crim.Code tit. I, ch. XXX, §§ 1519–1522 (Hill 1892); renumbered, Or.Laws, tit. XVIII, ch. XV, §§ 1696–1699 (Lord 1910).

The laws of Oregon, and therefore Alaska, are derived in large part from those of New York. Although, "[t]he major borrowing took place in Oregon in 1853–1854 ... Oregon's celebrated Judge Matthew P. Deady and others reworked the Oregon law in 1862–1864, using as their major sources the 1854 codes and the draft codes prepared for New York by a commission by David Dudley Field. The Field Commission had also relied heavily on the older New York statutes...." F. Brown; *The Sources of the Alaska and Oregon Codes*, Part II, 2 U.C.L.A.— Alaska L.Rev. 87 (1973).

*Sec. 12.45.130. Acknowledgment of satisfaction by injured party.* If the party injured appears before the court in which the defendant is bound to appear, at any time before trial, and acknowledges in writing that satisfaction has been received for the injury, the court may, on payment of the costs incurred, order the prosecution dismissed and the defendant discharged. The order is a bar to another prosecution for the same crime.

*Sec. 12.45.140. Compromise or stay upon compromise by other means prohibited.* A crime may not be compromised or the prosecution or punishment upon a compromise dismissed or stayed except as provided by law.[3]

In this case, the state initially contends that these statutes violate the separation of powers doctrine. The state relies upon *State v. Carlson,* 555 P.2d 269, 271–72 (Alaska 1976), and *Public Defender Agency v. Superior Court,* 534 P.2d 947, 951–52 (Alaska 1975). It argues that the district court's order of dismissal amounts to "a usurpation of the executive power residing in the state district attorney's office to bring charges and determine their disposition." We find this argument to be without merit.

In *State v. Carlson,* the defendant was indicted for murder, but the trial court, against the state's opposition, agreed to accept a guilty plea to the lesser offense of manslaughter. No statute or rule permitted the trial court to accept such a plea. The supreme court reversed, finding that the trial court's decision would "usurp the executive function of choosing which charge to initiate...." 555 P.2d at 272. In *Public Defender Agency v. Superior Court,* the trial court ordered the state to prosecute a civil action for child support. The supreme court similarly concluded that the separation of powers doctrine had been violated, holding that "the Attorney General cannot be controlled in either his decision of whether to proceed, or in his disposition of the proceeding." 534 P.2d at 950.

■ In the present case, there was no judicial interference with the prosecution's

---

3. The statutes, as originally adopted in 1900, read:

Sec. 253. *What crimes may be compromised.* That when a defendant is held to answer on a charge of misdemeanor, for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in the next section, except when it was committed—

First. By or upon an officer of justice while in the execution of the duties of his office;

Second. Riotously; or

Third. With an intent to commit a felony; or

Fourth. Larcenously.

Laws.Oreg., Oct. 19, 1864; Hill's Ann.Laws, s. 1519.

Sec. 254. *Compromise by permission of the court; order thereon.* That if the party injured appear before the court at which the defendant is bound to appear, at any time before trial on an indictment for the crime, and acknowledge in writing that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs and expenses incurred, order all further proceedings to be stayed upon the prosecution and the defendant to be discharged therefrom; but the order and the reasons therefor must be entered on the journal.

Laws Oreg., Oct. 19, 1864; Hill's Ann.Laws, s. 1520; *Saxon v. Hill,* 6 Oreg., 383.

Sec. 255. *Order a bar to another prosecution.* That the order authorized by the last section, when made and entered, is a bar to another prosecution for the same crime.

Laws Oreg., Oct. 19, 1864; Hill's Ann.Laws, s. 1521.

Sec. 256. *No crime can be compromised, except.* That no crime can be compromised, nor can any proceeding for the prosecution or punishment thereof be stayed upon a compromise, except as provided in this chapter.

Laws Oreg., Oct. 19, 1864; Hill's Ann.Laws, s. 1522.

The statutes appear unchanged from the original version in Comp.L.Ann., tit. XV, ch. 28, §§ 2362–2365 (1913); Comp.L.Ann., §§ 5431–5434 (1933), and Comp.L.Ann., tit. 66, ch. 18, §§ 66–18–1 to 66–18–4 (1948). In 1962, a number of minor amendments were made to the language of the statutes. *See* SLA, ch. 34, § 6.13 (1962). Additionally, the first exception in Sec. 253 was expanded from the original "an officer of justice" to "a peace officer or magistrate," in 1962, SLA, ch. 34, § 6.13 (1962), and expanded to "a peace officer, judge or magistrate," in 1971. SLA, ch. 8, § 15 (1971). Also, Sec. 255 was consolidated with Sec. 254 in 1962. SLA, ch. 34, § 6.13 (1962).

initial decision to charge Nelles. Judge Crutchfield did subsequently exercise his discretion to dismiss the case. Yet this dismissal was expressly authorized by the legislature. AS 12.45.120, 12.45.130. There is no suggestion in the civil compromise statutes that the court's power to dismiss is conditioned upon the agreement of the prosecutor. In fact, the contrary appears to be the case. *See* Annot., 42 A.L.R.3d 315, 319 (a common condition precedent under compromise statutes is the consent of either the court *or* the prosecutor). *See also Hoines v. Barney's Club, Inc.,* 28 Cal.3d 603, 170 Cal.Rptr. 42, 47, 620 P.2d 628, 633 (1980) (in explaining the civil compromise statute, the court stated that the prosecutor has no role in a dismissal of civil compromise). The state has cited no case purporting to hold that prosecutorial consent to a civil compromise is necessary as a matter of constitutional law, and we are aware of none. Because the court's authority to compromise misdemeanors has been expressly conferred by the legislature, we find the present case readily distinguishable from *State v. Carlson* and *Public Defender Agency v. Superior Court,* and we conclude that there is no separation of powers violation made out here.

■ The state's next argument is that crimes arising from domestic disputes should not be amenable to civil compromise. Certainly, the state has a valid concern: that domestic assaults not go unpunished merely because the victims wish to withdraw their complaints in the hope that no further abuse will occur. However, the state cites no support for the argument that public policy mandates a judicially created exception to the civil compromise statute. The statute, in its current form, does not exempt domestic disputes. Amendment to create additional exceptions is clearly a matter of legislative, rather than judicial, concern.[4]

Moreover, we note that, under the Alaska civil compromise statute, the decision whether to dismiss or prosecute is vested in the sound discretion of the trial court, and no right to dismissal is conferred upon the accused. In cases of domestic violence that appear to involve a continuing danger of injury to the victim, it could well be an abuse of discretion for the trial court to order dismissal. In the present case, however, the state has not suggested any ongoing danger to the victim, and the record contains nothing to indicate that Judge Crutchfield abused his discretion in this regard.

■ The state further argues that the civil compromise statute engenders conflict with the Alaska Code of Professional Responsibility, Disciplinary Rule 7–105(A), which states that "[a] lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter." *See, e.g., MacDonald v. Musick,* 425 F.2d 373 (9th Cir.1970) (prosecutorial misconduct where charge of resisting arrest was introduced as "bludgeon" behind the attempt to defeat a possible civil action by the arrestee for false arrest). This rule is plainly inapplicable here. Dismissal of a case upon civil compromise simply does not imply that the case was prosecuted "solely to obtain an advantage in a civil matter."[5]

Judge Crutchfield's dismissal of the case is AFFIRMED.

---

**4.** We note that California has amended the civil compromise statute to create an exception barring civil compromise when the injury arises from a second willful and knowing violation of a restraining order imposed to prevent domestic violence. Cal.Penal Code § 1377 (West 1982) (statute amended 1979). It should also be noted that any willful infliction of physical injury resulting in a "traumatic" condition upon a cohabitant of the opposite sex is a felony under California law. Cal.Penal Code § 273.5 (West 1970) (adopted 1977).

**5.** The state has also argued that Alaska's civil compromise statute is unconstitutionally vague. We find this argument to be frivolous.