**Gary T. ROATH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–5076.**

Court of Appeals of Alaska.

May 27, 1994.

---

James D. Gilmore, Gilmore and Doherty, Anchorage, for appellant.

James Fayette, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

COATS, Judge.

Gary T. Roath was convicted, based upon his plea of no contest, of two counts of criminal impersonation, a class A misdemeanor. AS 11.46.570. Criminal impersonation is committed when a person either "assumes a false identity and does an act in the assumed character with the intent to defraud" or "pretends to be a representative of some person or organization and does an act in the pretended capacity with intent to defraud." AS 11.46.570(a)(1) and (2).

Roath persuaded women to pose for nude photographs by falsely representing that he was a photographer for Playboy magazine. Each of the two counts for which Roath was convicted encompassed five different victims, for a total of ten separate victims. District Judge Gregory Motyka sentenced Roath to 300 days of imprisonment with 150 days suspended, a $3000 fine with $1000 suspended and ten days of community work service on each count. Judge Motyka placed Roath on probation for a period of three years following his release from confinement. Judge Motyka imposed these sentences consecutively, resulting in a composite jail sentence of 600 days with 300 days suspended, a $6000 fine with $2000 suspended and twenty days of community work service. As conditions of probation, Judge Motyka ordered Roath to forfeit all of his camera equipment and to write a letter of apology to each victim.

 At the time of the offense, Roath was forty-four years of age and had no prior criminal record. He had established a good work history and had served as an acting captain in the fire department for several years. Roath contends that the sentence he received was excessive in light of his excellent prior record and the fact that the legislature classified criminal impersonation as an offense against property.

The state contends that Roath committed a serious offense by engaging in a well planned scheme in which young women were tricked into posing nude for him so that he could photograph, videotape, and intimately touch them. The state points out that the facts of Roath's offense would support a felony charge: the class B felony of scheme to defraud.[1] The state concludes, therefore, that Judge Motyka could properly find that Roath's conduct was among the most serious conduct within the misdemeanor offense of criminal impersonation. *Benboe v. State,* 698 P.2d 1230 (Alaska App.1985).

In sentencing Roath, Judge Motyka accepted the state's view of the offense. He

---

1. AS 11.46.600(a)(1) provides that

 (a) A person commits the crime of scheme to defraud if the person engages in conduct constituting a scheme

 (1) to defraud five or more persons or to obtain property or services from five or more persons by false or fraudulent pretense, representation, or promise and obtains property or services in accordance with the scheme[.]

found that Roath had engaged in an elaborate and well planned scheme designed to lure young women to pose for him so that he could photograph and touch them. Judge Motyka found that "this was a deliberate misrepresentation aimed at young women for personal gratification and possibly profit."[2] He concluded that this was much more than a property offense and noted the embarrassment and humiliation that Roath's victims had endured. Judge Motyka's findings are supported by the record and justify the sentence he imposed. We conclude that the sentence is not clearly mistaken.

█ Roath points out that, in imposing sentence, Judge Motyka twice stated that Roath's 300 day sentence would be reduced by "good time" to 200 days.[3] Roath contends that Judge Motyka improperly considered "good time" in imposing sentence. In support of his argument, Roath cites *Jackson v. State*, 616 P.2d 23 (Alaska 1980). In that case, Jackson argued that his sentence was excessive because the trial judge assumed that the parole board would release Jackson on parole and that this would likely reduce the period of time which Jackson would actually serve. *Id.* at 24. The supreme court agreed with Jackson that the sentencing judge erred, finding that "the assumption that an offender will be paroled on a particular date is, at best, speculative." *Id.* at 25. The court held that "the correct approach is for the sentencing judge to impose an appropriate term of incarceration ... on the assumption that the entire term may be served." *Id.* (footnotes omitted).

*Jackson* is somewhat distinguishable from the current situation. It is probably more reasonable to predict that a forty-four-year-old defendant with no prior record will obey the rules and regulations of the Department of Corrections while incarcerated, and will accumulate good time, than it is to predict when the parole board will release a prisoner on parole. However, in light of this ambiguity, we remand for Judge Motyka to clarify whether Roath's sentence was based on the assumption that Roath would serve 200 days. If Judge Motyka concludes that the sentence was not based on this assumption, the sentence stands. If Judge Motyka concludes that the sentence was based on the assumption that Roath would serve 200 days, he should reconsider the sentence in light of *Jackson*.

**REMANDED.**

█

---

2. The information charges that through "false and fraudulent pretenses, representations, and promises, Roath obtained modeling services from [the victims] as well as ... the rights to reproduce and sell their photographs as he wished."

3. AS 33.20.010(a) provides in part that a prisoner "is entitled to a deduction of one-third of the term of imprisonment ... if the prisoner follows the rules of the correctional facility in which the prisoner is confined." However, under AS 33.-20.050 "if ... a prisoner commits an offense or violates the rules of the correctional facility, all or part of the prisoner's good time may be forfeited...."