**Gary T. ROATH, Petitioner,**

v.

**STATE of Alaska, Respondent.**

No. S–6410.

Supreme Court of Alaska.

Aug. 26, 1994.

James D. Gilmore, Gilmore and Doherty, Anchorage, for petitioner.

James Fayette, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for respondent.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON, and EASTAUGH, JJ.

### ORDER

On consideration of the petition for hearing, filed on June 19, 1994, and the response to the petition, filed on June 24, 1994,

IT IS ORDERED:

The petition is DENIED.

MATTHEWS, Justice, dissenting.

I dissent from the order denying Roath's petition for hearing.

Roath was convicted on a plea of nolo contendere of two counts of criminal impersonation in violation of AS 11.46.570(a)(1) or (2), a class A misdemeanor. Roath persuaded a number of women to pose for nude photographs, falsely representing that he was a photographer for *Playboy Magazine*. In the process of photographing the women, Roath touched them in intimate areas while applying make-up. He was sentenced to two consecutive sentences of 300 days of imprisonment with 150 days suspended, a $3000 fine with $1000 suspended, and 10 days of community work service, resulting in a composite jail sentence of 300 days to serve, a $4000 fine, and 20 days of community work service. In addition, Roath was ordered to forfeit his camera equipment and was placed on probation for a period of three years following his release from confinement.

Roath had no prior criminal record and at the time of the crimes held a position of responsibility with the Anchorage Fire Department.

We have adopted a least restrictive alternative guideline for sentencing called, at times, the "principle of parsimony." Under this guideline, a defendant's liberty should be restrained only to the minimum extent necessary to achieve recognized sentencing objectives. *Pears v. State*, 698 P.2d 1198, 1205 (Alaska 1985); *see* American Bar Standards for Criminal Justice 18–2.2, Second Ed., 1986.

> The objectives of sentencing are
>
> rehabilitation of the offender into a non-criminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of other members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves.

*State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

As one way to apply the least restrictive alternative guideline, a sentencing judge would first provisionally decide on the appropriate amount of incarceration and then ask whether an alternative to some or all of that incarceration would serve the sentencing objectives as well. In the present case, had this question been asked, an affirmative answer would likely have been given. A period of community service equivalent in length to the incarceration Roath received could have an equal or better deterrent effect, and could serve as effectively as community condemnation of his behavior.

Substituting community service for incarceration would have other benefits as well. A carefully designed plan could allow Roath to continue to work at a remunerative job, and thus continue to earn money with which to support his children, while effectively de-

priving him of his leisure time. The community service work performed would have value to the community. The cost of supervising such work is relatively slight compared to the cost of incarceration, which will predictably be in the tens of thousands of dollars.

Because there is *no indication in the sentencing transcript that the trial court considered or applied the least restrictive alternative guideline, it is my view that a remand for such purpose is required. One of the dangers of emphasizing sanctions that are meant to be alternatives to incarceration, such as community work service, is that they tend to be employed as additions to sentences of incarceration rather than as alternatives. When this occurs without consideration of whether the period of incarceration can be reduced in light of the alternative sanction, the least restrictive alternative guideline is violated. The trial court's imposition of 20 days of work service in addition to 300 days of imprisonment appears to be an illustration of this practice. I believe this aspect of the sentence should also be reconsidered on remand in light of the least restrictive alternative guideline.