**MUNICIPALITY OF ANCHORAGE, Appellant,**

v.

**Jeffrey SANDERS, Appellee.**

No. A–5469.

Court of Appeals of Alaska.

Sept. 15, 1995.

---

James L. Walker, Assistant Municipal Prosecutor, Richard L. McVeigh, Municipal Attorney, Anchorage, for appellant.

Jason A. Steen, Gorton & Associates, Anchorage, for appellee.

Before BRYNER, C.J., COATS and MANNHEIMER, JJ.

### OPINION

BRYNER, Chief Judge.

The Municipality of Anchorage charged Jeffrey Sanders with malicious destruction of property in violation of Anchorage Municipal Code (AMC) § 08.05.400.[1] District Court Judge Michael L. Wolverton dismissed the prosecution because J.P., who formerly lived with Sanders and was the owner of the property Sanders damaged, had civilly compromised with Sanders and agreed to drop the charges. The municipality appeals, contending that a civil compromise is impermissible when a crime is committed against a person who previously lived in a spousal relationship with the defendant. We reverse.

On December 23, 1993, Jeffrey Sanders broke into the home he had once shared with J.P. J.P. was not present at the time of the break-in. Sanders damaged some of J.P.'s property, including a stereo and a vacuum cleaner, scattered the broken pieces around the home, along with knives and scissors, and then apparently passed out on the couch. When J.P. returned home, Sanders was still unconscious. J.P. saw the house in disarray;

she took the display of knives and scissors to be threatening and contacted the police, who arrested Sanders for malicious destruction of property.

Prior to trial, Sanders moved to dismiss the case under Alaska's civil compromise statute, AS 12.45.120, claiming that he had civilly compromised the case with J.P. and had paid her $800 to replace her property. The municipality opposed the motion, arguing that, because J.P. had previously lived in a spousal relationship with Sanders,[2] civil compromise was barred by AS 12.45.120(5)(D). Alaska Statute 12.45.120 provides, in relevant part:

> If a defendant is held to answer on a charge of misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised except when it was committed
>
> .    .    .    .    .
>
> (5) against
>
>> (A) a spouse or a former spouse of the defendant; [or]
>
> .    .    .    .    .
>
>> (D) a person who is not a spouse or former spouse of the defendant but who previously lived in a spousal relationship with the defendant.

Judge Wolverton, however, granted Sanders' motion to dismiss, ruling that the bar against civil compromise set forth in AS 12.45.120(5)(D) does not refer to property crimes, but only to "crimes against a person"—that is, those crimes designated in Chapter 41 of Alaska's Revised Criminal Code (AS 11.41.100–11.41.530) as "Offenses Against the Person." The municipality contends on appeal that Judge Wolverton erred by ruling that AS 12.45.120(5)(D) precludes only "crimes against a person" from civil compromise. In the municipality's view, the section plainly applies to all crimes resulting in any form of injury to a person who previ-

---

1. AMC § 08.05.400 provides: "It is unlawful for any person to maliciously injure or destroy any real or personal property not his own."

2. It is undisputed that Sanders and J.P., though not married, had lived together in a spousal relationship.

ously lived in a spousal relationship with the defendant. We agree.

The language of AS 12.45.120(5)(D) itself provides no basis for restricting the statutory bar against civil compromise to crimes formally classified in Chapter 41 as "offenses against the person." In defining when civil compromise will be barred, AS 12.45.120(5)(D) focuses on the identity of the crime victim rather than on the nature of the injury inflicted. The statute specifies that compromise will not be allowed when a "crime ... was committed ... against ... a person ... who previously lived in a spousal relationship with the defendant." By contrast, Chapter 41 groups together a series of offenses, not by the identity of the crime victim, but according to the nature of the injury that the included offenses cause: the offenses included in Chapter 41 all involve bodily injury or the threat of bodily injury, that is, injury to "the person" as distinguished from injury to "a person."

There is no reason to suppose that a crime can be "committed ... against ... a person" for purposes of AS 12.45.120(5)(D) only when it involves bodily injury—an injury to "the person." Such a conclusion would essentially hold property crimes to be victimless offenses and, in so doing, would run counter to prevailing legal definitions. For example, AS 12.55.185(13)(A) broadly defines "victim" as "a person against whom an offense has been perpetrated." It is clear that the legislature did not intend this definition to be limited to "offenses against the person," because the term "victim" appears in statutes defining property crimes that are outside that class. *See* AS 11.46.210(b) (theft by failure to make required disposition of funds); AS 11.46.620(b) (misapplication of property). Alaska Statutes 12.55.185(8) uses the term "victim" in its definition of "pecuni-

ary gain": "the amount of money or value of property returned to the victim of the offense" is not included in the amount of the offender's "pecuniary gain" from the offense.[3] This court has commonly stated that crimes that are not "offenses against the person" can be committed against "victims."[4]

Sanders nevertheless argues that the legislative history of AS 12.45.120(5) demonstrates that the legislature intended it to be limited in scope to crimes such as physical and sexual assault. The legislature added paragraph (5) to the statute in 1988 in response to this court's decision in *State v. Nelles*, 713 P.2d 806, 810 (Alaska App.1986), which upheld the civil compromise and dismissal of a domestic violence assault case, noting that it was the province of the legislature, not this court, to enact a "domestic disputes" exception to the civil compromise statute. In 1987, Governor Steve Cowper sent a letter to the legislature discussing *Nelles* and urging that the legislature "prohibit the 'civil compromise' of criminal cases arising from domestic violence situations." 1987 House Journal 191–93. This letter emphasized the public interest in curbing "domestic violence"[5] and "abuse."

However, it appears that the legislature ultimately elected not to limit the prohibition on civil compromises to offenses such as assault. Although the original house bill did specifically provide that crimes committed "by assault against" the enumerated domestic victims could not be civilly compromised, H.B. 463 (1986), when the bill was reintroduced the following year the "by assault" restriction had been omitted, and the bill was enacted into law with the current language. H.B. 122 (1987); ch. 4, § 1, SLA 1988. The house specifically rejected a proposed amendment to H.B. 122 that would have limited the exception to "a case involving a

**3.** The title of AS 12.45.120 also uses the term "victim," although the body of the statute itself uses instead the phrase "person injured by the act constituting the crime."

**4.** *See, e.g., Roath v. State,* 874 P.2d 312, 313–14 (Alaska App.1994) (defendant's criminal impersonation, although classified as an "offense against property," embarrassed and humiliated "victims"), *petition for hearing denied,* 879 P.2d 1008 (Alaska 1994); *Coleman v. State,* 846 P.2d

141, 143 & n. 1 (Alaska App.1993) ("Theft is, in fact, a crime against the victim's right to possess the property.... This is why theft can be committed against a person who does not own the property....").

**5.** AS 12.55.185(3) and AS 25.35.200 define "domestic violence" as "a crime under AS 11.41" with an enumeration of victims similar to that appearing in AS 12.45.120(5).

misdemeanor charge under AS 11.41, criminal trespass (AS 11.46.320–.330), harassment (AS 11.61.120), or a similar municipal ordinance."

Notably, other statutes do contain limiting language similar to the language the house declined to include in the civil compromise statute.[6] Because the legislature chose to omit such limiting language from the coverage of AS 12.45.120(5), we find no basis for construing the statutory language to include only crimes formally classified as "offenses against the person," and we conclude that the statute prohibits the civil compromise of all crimes committed against victims enumerated therein.

We REVERSE the order of dismissal and REMAND for further proceedings in this case.

---

**6.** *See, e.g.,* AS 12.25.030(b)(2), which provides that a police officer may arrest a person without a warrant if there is reasonable cause to believe that the person committed a crime under

AS 11.41, AS 11.46.330, or AS 11.61.120, or has violated an ordinance with elements substantially similar to the elements of a crime under AS 11.41, AS 11.46.330, or AS 11.61.120, when the victim is a spouse or former spouse of the person who committed the crime; a parent, grandparent, child, or grandchild of the person who committed the crime; a member of the social unit comprised of [sic] those living together in the same dwelling as the person who committed the crime; or another person who is not a spouse or former spouse of the person who committed the crime but who previously lived in a spousal relationship with the person who committed the crime or is in or has been in a dating, courtship, or engagement relationship with the person who committed the crime.

Governor Cowper's letter to the legislature specifically cited AS 12.25.030(b). 1987 House Journal at 193. *See also* AS 12.55.155(c)(18)(A), which provides an aggravating factor under the presumptive sentencing scheme if the offense was one "specified in AS 11.41" with a truncated but similar set of domestic victims.