NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, | Court of Appeals No. A-13146 |
| Appellant, | Trial Court No. 4BE-17-00667 CR |
| v. | |
| | O P I N I O N |
| FRANCIS PAUL AZZARELLA, | |
| Appellee. | No. 2694 — March 19, 2021 |

Appeal from the Superior Court, Fourth Judicial District, Bethel, Nathaniel Peters, Judge.

Appearances: Timothy W. Terrell, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for the Appellant. Kelly R. Taylor, Assistant Public Defender, and Beth Goldstein, Acting Public Defender, Anchorage, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON.

Alaska law allows a defendant and an injured party to civilly compromise certain misdemeanor offenses by following the procedure set out in AS 12.45.130. If the statutory conditions are met, the court may — but is not required to — approve the civil

compromise and dismiss the criminal case, thus barring any further prosecution for the same crime.[1]

This appeal requires us to consider whether a civil compromise becomes binding upon the filing of a notice that the defendant and the injured party have reached a compromise, or upon the court's acceptance of the compromise. For the reasons explained in this opinion, we conclude that a civil compromise is not effective unless and until it is approved by the court.

*Underlying facts*

The State initially charged Francis Paul Azzarella by felony complaint with one count of first-degree assault, one count of second-degree assault, and two counts of third-degree assault.[2] But at Azzarella's preliminary hearing, the State did not present any evidence to support the felony charges. Instead, the State dismissed two of the charges and reduced the remaining two charges to misdemeanors.

Two days later, on October 4, 2017, Azzarella's attorney filed a notice of civil compromise. In accordance with AS 12.45.130, Azzarella requested a hearing at which the court could hear evidence and make findings on his proposed civil compromise, and he informed the court that the hearing needed to be held "as soon as possible"—specifically by the very next day, October 5. On October 5, before the court ruled on Azzarella's proposed civil compromise, a grand jury indicted Azzarella on the four original felony charges.

---

[1] AS 12.45.120-.140.

[2] AS 11.41.200(a)(1), AS 11.41.210(a)(1), AS 11.41.220(a)(1)(A), and AS 11.41.220(a)(5)(B), respectively.

The trial court subsequently dismissed the indictment, finding that the civil compromise was "completed" when Azzarella filed the notice on October 4 and that, accordingly, "the prosecution of the indictment violates double jeopardy."

The State appealed, challenging the trial court's ruling that the filing of a notice of civil compromise precluded the State from seeking an indictment on the felony charges.

*Why we reverse the dismissal of the indictment*

This appeal requires us to interpret Alaska's civil compromise statutes, AS 12.45.120 through AS 12.45.140, which authorize the court to dismiss a prosecution if the defendant meets certain statutory requirements. These statutes allow a defendant to compromise only misdemeanor crimes, and only those "for which the person injured by the act constituting the crime has a remedy by a civil action."[3] Additionally, AS 12.45.120 lists several categories of crimes that may not be compromised.

The procedure for entering into a civil compromise is described by AS 12.45.130:

> If the party injured appears before the court in which the defendant is bound to appear, at any time before trial, and acknowledges in writing that satisfaction has been received for the injury, the court may, on payment of the costs incurred, order the prosecution dismissed and the defendant discharged. The order is a bar to another prosecution for the same crime.

Further, AS 12.45.140 explains that a crime may not be compromised, nor may the prosecution be dismissed or stayed, "except as provided by law."

---

[3] AS 12.45.120.

Azzarella argued in the trial court that, once he filed his notice of civil compromise, the double jeopardy clause of the United States Constitution prevented the State from indicting him. The court agreed and dismissed the indictment. But we reject this contention.

A defendant cannot enter into a civil compromise unilaterally; instead, a civil compromise becomes effective only if the court, in its sound discretion, agrees to accept the compromise.[4] The filing of a notice of civil compromise simply alerts the court that the defendant is proposing a non-criminal resolution of the case; such notice does not direct the court to accept or reject a particular agreement, nor does it confer a right of dismissal upon the accused. Under AS 12.45.130, it is the court's order approving a civil compromise and dismissing the charges against a defendant — not the defendant's request for such an order — that acts as "a bar to another prosecution for the same crime."[5]

In this case, the trial court did not conduct a hearing or approve the civil compromise until after the State indicted Azzarella. And because Alaska law does not authorize the compromise of a felony crime, the court had no authority to dismiss the charges against Azzarella under the civil compromise statute after Azzarella was indicted.[6] We therefore conclude that the trial court erred in dismissing Azzarella's indictment.

---

[4] AS 12.45.130; *see also State v. Nelles*, 713 P.2d 806, 810 (Alaska App. 1986) ("[U]nder [AS 12.45.130] the decision whether to dismiss or prosecute is vested in the sound discretion of the trial court, and no right of dismissal is conferred upon the accused.").

[5] AS 12.45.130.

[6] *See* AS 12.45.120; AS 12.45.140.

We acknowledge that the State did not specifically declare its intention to indict Azzarella at the time of the preliminary hearing. But Azzarella does not claim that the State's decision to indict him was the result of prosecutorial vindictiveness or an attempt to secure two opportunities to prosecute him.[7] Moreover, nothing in the record suggests that the State convened the grand jury and secured an indictment in response to Azzarella's notice of civil compromise.[8] Under these circumstances, the trial court's finding that prosecution of the indictment violated double jeopardy was incorrect.

We similarly reject Azzarella's contention that the filing of the notice of civil compromise automatically stayed the proceedings, such that the State was barred from securing an indictment until after the trial court conducted the civil compromise hearing. In fact, AS 12.45.140 provides that the prosecution may not be stayed "except

---

[7] *Cf. State v. Kameroff*, 171 P.3d 1160, 1162-63 (Alaska App. 2007) (holding that where a defendant knew that the State would pursue an indictment for felony charges that were dismissed at a preliminary hearing, the indictment for the previously dismissed charges did not violate double jeopardy); *United States v. Quinones*, 906 F.2d 924, 927-28 (2d Cir. 1990) (rejecting a double jeopardy claim where the government indicted a defendant for a higher charge after informing the defendant that it intended to bring the charge, even though the defendant entered a guilty plea to lesser charges in an effort to bar the government from bringing the higher charge, and concluding that there was no indication that the government was engaging in the overreaching that the double jeopardy clause was designed to prevent).

[8] In fact, Azzarella's notice of civil compromise specifically requested that the court hold a hearing on the proposed civil compromise "as soon as possible" and "by . . . October 5, 2017," which was the date that the felony charges were presented to the grand jury. This record suggests that Azzarella may have been aware of the forthcoming indictment.

as authorized by law." There is nothing in the civil compromise statutes to suggest that a stay enters as a matter of law once a notice is filed.[9]

The judgment of the superior court is REVERSED. This case is remanded to the superior court with instructions to vacate the civil compromise and to reinstate the indictment.

---

[9] We do not reach the question of whether a court has the authority to enter an order staying the proceedings after the filing of a notice of civil compromise. However, we do reject the premise that such a stay enters automatically without any action by the trial court.