**Rex Regan SAVELY, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–9838.

Court of Appeals of Alaska.

April 18, 2008.

---

S. Joseph Montague (opening brief) and Josie Garton (reply brief), Assistant Public Defenders, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Kelly J. Lawson, Assistant District Attorney, and June Stein, District Attorney, Kenai, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Rex Regan Savely was convicted of contributing to the delinquency of a minor for having sexual intercourse with a fourteen-year-old girl, A.M. As part of his plea bargain with the State, Savely agreed to pay restitution in an amount to be later determined pursuant to Criminal Rule 32.6(c)(2).

At the restitution hearing, the State presented testimony from A.M.'s mother, A.M.'s mental health provider (a psychologist), and a physician's assistant who was providing medical services to A.M. in connection with a venereal disease (herpes). This testimony addressed A.M.'s past counseling and medical expenses, and also her anticipated future need for psychological counseling and medical treatment. Based on this testimony and supporting documents, the State asked the district court to award approximately $15,900 for A.M.'s expenses, plus an additional amount for future medical expenses.

District Court Judge David S. Landry eventually awarded slightly more than $40,000 in restitution. Of this amount, $3000 was for A.M.'s past expenses and $37,000 was for A.M.'s anticipated future expenses over the next ten years.

■ In this appeal, Savely argues that there was insufficient evidence that he was responsible for A.M.'s herpes infection, and therefore the district court erred when it awarded restitution for medical expenses and counseling expenses (both past and future) connected with this disease.

In particular, Savely points out that A.M. did not testify at the restitution hearing, and that A.M.'s psychologist was the only witness who directly asserted that A.M. contracted herpes from her sexual contact with Savely. Savely contends that the district court should not have relied on this testimony because it was obviously hearsay. But hearsay evidence is admissible if there is no objection,[1] and Savely's attorney did not object at the time to the psychologist's hearsay testimony.

In fact, Savely now affirmatively relies on another portion of the psychologist's testimony that was also clearly hearsay: the psychologist's assertion that A.M. was sexually active prior to her contact with Savely. On appeal, Savely argues that, because A.M. was previously sexually active, and because there was no evidence that Savely himself was infected with herpes, the district court could not reasonably conclude that A.M. contracted this venereal disease from Savely.

There was, however, significant other evidence to support a finding that A.M. contracted herpes from Savely. Savely had sexual intercourse with A.M. on or about September 21, 2002. A.M.'s herpes infection was preliminarily diagnosed and treated nine days later, on September 30, 2002. At that time, A.M. was running a fever; she was pale and was shivering. She was also weak, sore, and could walk only with difficulty. A.M.'s mother testified that her daughter had never been sick like that before, and that they did not know what was the matter with her. Thus, the timing of Savely's sexual contact with A.M., coupled with the time of onset of her symptoms, support the con-

1. See Rusenstrom v. Rusenstrom, 981 P.2d 558, 560 (Alaska 1999); Bird v. Starkey, 914 P.2d 1246, 1248 n. 1 (Alaska 1996); Douglas v. State, 166 P.3d 61, 85 (Alaska App.2007); Cassell v. State, 645 P.2d 219, 220–21 (Alaska App.1982); see also John W. Strong, McCormick on Evidence (4th ed.1992), § 55, Vol. 1, p. 221 (failure to object to hearsay is a waiver of the objection).

clusion that Savely transmitted the herpes virus to A.M.

It is true that the State presented no evidence that Savely was infected with herpes. On the other hand, there was no evidence that Savely was not infected with herpes. And, regarding A.M.'s prior sexual activity, there was no evidence of the timing of that activity, nor was there any evidence that A.M.'s prior sexual partner was infected with herpes.

Taking the record as a whole, we conclude that the evidence is sufficient to support the district court's conclusion that Savely was responsible for infecting A.M. with herpes.

However, we agree with Savely that the district court's award of restitution for anticipated future counseling and medical expenses is problematic.

■ The psychologist who testified about A.M.'s anticipated need for counseling made this estimate well before the restitution hearing. At that time, the psychologist predicted that A.M. would need monthly counseling throughout high school (*i.e.*, for another 3½ years), for a total of 42 monthly sessions. The psychologist also predicted that A.M. would need weekly counseling for three months at each of six future junctures in her life (for example, when A.M. seriously contemplated marriage, or when she had a child), for a total of another 72 sessions.

But by the time of the restitution hearing, it was clear that the psychologist's predictions were not accurate. Rather than having monthly counseling sessions throughout high school, A.M. was seeing the psychologist only occasionally. During the three years between October 2002 and October 2005, A.M. and her parents had only thirteen counseling sessions with the psychologist—and eight of those sessions were in October and November 2002.

Moreover, the psychologist testified on cross-examination that it was not certain whether A.M. would ever have to deal with all six of the life experiences that, according to the psychologist, would trigger the need for further counseling.

Thus, the evidence does not support the district court's award of restitution for future counseling expenses.

We note, moreover, that the district court appears to have awarded double restitution for A.M.'s counseling expenses during the period May 2004 through October 2005.

The district court issued its restitution order in July 2006. In that order, the court awarded restitution for A.M.'s actual counseling expenses through October 2005 under the category of "past" expenses. That is, the court awarded restitution for the relatively small number of sessions that A.M. and her parents *actually* attended between May 2004 and October 2005. But in addition, under the category of "future" expenses, the district court separately awarded restitution for the psychologist's mistakenly high *prediction* of the number of sessions that would be required during this same period. In other words, the district court awarded restitution for the past expense of the few counseling sessions that actually took place during this eighteen-month period, and the court separately awarded restitution for the so-called "future" expense of the predicted eighteen monthly counseling sessions that were supposed to have been needed during this same period, but which never took place—other than the few sessions for which restitution had already been awarded as a "past" expense.

■ The district court's award of restitution for future medical expenses suffers from a similar problem: a lack of supporting evidence. Although testimony was presented at the restitution hearing regarding the cost of the medications that are needed to keep the herpes virus in check (there is no cure), there was also testimony that no one can predict with any certainty exactly how frequently a person infected with herpes will have outbreaks of that disease.

It is true that, at the hearing, evidence was presented that A.M. had had to receive "suppression therapy" because of the frequency of her outbreaks. However, the evidence also showed that A.M. would be reevaluated annually to see if her outbreaks were becoming less frequent—thus allowing her to forego "suppression therapy" in favor

of "episodic" treatment, a treatment option that is significantly less costly.

In its order, the district court "split the difference" by ordering Savely to pay for five years of suppression therapy and five more years of episodic therapy. But the record does not provide a reasoned basis for this decision.

In *Lawrence v. State*, 764 P.2d 318, 322 (Alaska App.1988), we stated that when a sentencing court "determines that an award of restitution should be made for anticipated future expenses, [the law] require[s] that these expenses be firmly established." Here, the problem is that, even though it is firmly established that A.M. will need future medical treatment for her herpes infection, the nature and cost of that treatment is uncertain.

The Alaska Supreme Court addressed this issue in *Pluid v. B.K.*, 948 P.2d 981 (Alaska 1997). *Pluid* involved a tort claim brought by the child victim of a sexual assault. The supreme court held that once the child's entitlement to compensation had been proved to a reasonable probability, "the *amount* of such [compensation] . . . need only be proven to such a degree as to allow the finder of fact to reasonably estimate the amount". *Id.* at 984 (emphasis in the original).

To formulate a "reasonable estimate" in the case presented here, the district court would have to consider evidence regarding A.M.'s prognosis—both evidence of her current condition and expert testimony regarding the chances that she would continue to need suppression therapy or, alternatively, that she would be able to switch to episodic treatment. The district court would then have to consider this prognosis evidence in combination with evidence concerning the cost and expected duration of the various treatment methods that would be required, depending on A.M.'s condition.

For these reasons, we AFFIRM the district court's decision that Savely is responsible for A.M.'s herpes infection, and we AFFIRM the district court's award of past damages, but we VACATE the district court's award of future damages. We direct

the district court to re-assess those damages in light of our discussion here.

We do not retain jurisdiction of this case.